————o◆o————

LUTHER BOARDMAN AND ANOTHER *vs.* THE MERIDEN BRITAN-
NIA COMPANY.

A decree enjoined the respondents from selling any britannia spoons in packages with certain described labels and numbers, which were found to be a violation of the petitioners' trade-mark, or with labels and numbers like those of the petitioners, which were particularly described in the decree, as to be calculated to induce purchasers to believe the spoons to be the manufacture of the petitioners. On a writ of error brought to reverse the decree on account of its uncertainty, it was held,—

1. That the respondents could clearly understand from the decree that they were enjoined against using the particular labels and numbers described in it, and that so far the decree was free from uncertainty.

2. That if, beyond this, the decree was so indefinite that the respondents could not know with reasonable certainty what they were prohibited from doing, their remedy was by way of application to the Superior Court to modify the decree, and not by a writ of error.

PETITION for an injunction against the use of certain labels and numbers claimed to be a violation of the petitioners' trade-mark, being the same case heard by this court on a reservation for advice and reported 35 Conn. R., 402. In accordance with the advice there given the Superior Court granted the prayer of the petition and passed a decree enjoining the respondents as follows:—

" And now this court doth find the facts set forth in said report to be true, as found by said committee, and, by the advice of said Supreme Court of Errors, doth therefore order and decree that the said Meriden Britannia Company, the respondents, their workmen, attorneys, servants and agents, and each and every of them, are hereby strictly enjoined and commanded, under a penalty of ten thousand dollars, that from henceforth they and each of them do wholly and entirely cease and desist from selling or offering for sale any britannia spoons, manufactured by any other parties than said petitioners, in packages having thereon any label prepared in imitation of any of the said labels of the petitioners, like those used by the respondents, as described in said petition ; and from selling or offering for sale any such britannia spoons in packages with labels and numbers thereon so nearly like those used by the petitioners as aforesaid as are calculated to induce the purchasers thereof to believe they are the genuine manufacture of the petitioners. And it is further ordered and decreed that the respondents pay to the petitioners their costs &c."

The labels and numbers used by the petitioners, and which were claimed by the petitioners and found by the court to be wrongfully imitated by the respondents, and the labels and numbers used by the respondents and which were claimed in the petition and found by the court to be wrongful imitations of the petitioners' labels and numbers, were fully set forth and described in the petition and decree.

· The respondents filed a motion in error, and brought the record before this court for revision, assigning as error that the decree was " so vague and ambiguous as to be void for uncertainty."

*Doolittle* and *O. H. Platt,* for the plaintiffs in error, cited *Honore* v. *Colmesnil,* 1 J. J. Marsh., 506 ; *Moat* v. *Holbein,* 2 Edw. Ch., 188 ; *Sullivan* v. *Judah,* 4 Paige, 444 ; *Lawrie* v. *Lawrie,* 9 id., 234 ; *Clark* v. *Clark,* 25 Barb., 76.

*Hyde* and *Culver,* for the defendants in error, cited *Knott*

v. *Morgan*, 2 Keen, 220; *Gout* v. *Aleplogu*, 6 Beav., 69; *Croft* v. *Day*, 7 id., 90; *Seixo* v. *Provezende*,. Law Reps., 1 Cha. Appeals, 192; *Coffeen* v. *Brunton*, 4 McLean, 516; Amoskeag Manufacturing Co. v. *Spear*, 2 Sandf. Sup. Ct. R., 615.

CARPENTER, J.   The respondents seek to obtain a reversal of the decree in this case on the ground that it is " so vague and ambiguous that it is void for uncertainty."

The decree restrains the respondents " from selling or offering for sale any britannia spoons manufactured by any other parties than said petitioners, in packages having thereon any label prepared in imitation of any of the said labels of the petitioners, like those used by the respondents, as described in said petition; and from selling or offering for sale any such britannia spoons in packages with labels and numbers thereon so nearly like those used by the petitioners as aforesaid as are calculated to induce the purchasers thereof to believe they are the genuine manufacture of the petitioners."

The petition, which is made a part of the decree, describes fully and particularly the labels used by the petitioners. The respondents therefore can have no difficulty in understanding that the decree prohibits the use of such labels by them.

When this case was before us on a former occasion we held that the labels so used by the petitioners, including the numbers thereon, constituted legal trade marks, in the exclusive use of which they were entitled to be protected.

The report of the committee, which is also made a part of the decree, shows that the labels used by the respondents prior to the date of the petition so nearly resembled those used by the petitioners that the respondents were enabled to sell " large quantities of their spoons so put up in place of spoons manufactured by the petitioners."

We held that that was an infringement of the petitioners' rights.   Of course the respondents will understand that the injunction restrains them from continuing the use of such labels.

So far the decree would seem to be certain and free from

ambiguity. It is not therefore void, and cannot be reversed on a motion in error.

But the decree goes further, and in general terms prohibits the respondents from using labels so nearly resembling those of the petitioners as to induce purchasers to believe that the spoons are the genuine manufacture of the petitioners. This the respondents say is too indefinite, and that the decree should point out precisely the kind of labels they are prohibited from using. The decree in this respect is somewhat vague, and perhaps it should be modified. It certainly should, if, in consequence of it, it could be made to appear that the respondents' business would suffer unnecessarily, or that they could not know with reasonable certainty what they are prohibited from doing.

In many of the cases cited by the petitioners' counsel the decrees were substantially like the present, but it does not appear that the question now under consideration was directly raised and decided in any of them.

We do not however find it necessary to decide this point, as we are clearly of the opinion that, if it shall be found that the respondents are really aggrieved, their remedy is by way of an application to the Superior Court to modify the decree, and not by a writ of error. It is competent for that court to inquire into the facts, and so to form or modify its decrees as to do equal and exact justice to the parties.

What has already been said is sufficient, perhaps, to dispose of this case, and we might with propriety stop here. We suppose however that the respondents desire us to put a construction upon this decree, and tell them what would, and what would not, be a violation of it. If that were possible, and proper, we should be quite willing to do so. But this case is not before us for our advice. We can only look at it for the purpose of seeing if there is any error in the proceedings of the court below. We do not hesitate to say, however, that nothing in the decree can fairly be construed so as to prohibit the respondents from the use of numerals to indicate the style or quality of their spoons. There certainly can be no objection to their using any numbers different from those

used by the petitioners.  And if, for that purpose only, they can use the same numbers without at the same time indicating ownership, and thereby injuring the petitioners by causing the trade to believe that the spoons on which they are used were manufactured by the petitioners, we can see no objections to their doing so.  Whether this is possible or not, is not for us to decide.  It is a question of fact rather than of law.

The great object of the decree is to protect the legal rights of the petitioners.  This should be done with as little injury to the respondents as possible.  The principal features of the petitioners' trade-marks are the form and color of the labels, the numbers and the name.  The respondents adopted the form, color and numbers, but changed the name.  With such a label the respondents sold large quantities of spoons in place of spoons manufactured by the petitioners.  This difference, especially as the respondents had for a long time sold the petitioners' spoons in market, we held to be insufficient, and that the labels so used infringed upon the legal rights of the petitioners.  We cannot with propriety indicate what other changes may be necessary.  Perhaps it would depend upon results.  If the change should be of such a character that no one is deceived thereby, and that dealers, purchasing of the respondents, are not thereby induced to believe that the goods purchased were manufactured by the petitioners, it would clearly be no violation of the petitioners' trade-mark.  If this is a correct view of the question it resolves itself mainly into a question of fact, and can only be determined upon hearing the evidence.  At all events it would be premature for us to attempt to decide a question of this character in advance.

We cannot say that there is any error in the record before us.

In this opinion the other judges concurred.