CARLETON E. HOADLEY *vs.* THE M. SEWARD AND SON COMPANY.

Third Judicial District, New Haven, Jan. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In an action for damages resulting from a nuisance and for an injunction against its further continuance, the complaint alleged that the noise and smoke of the defendant's factory and the vibrations caused by the operation of heavy trip hammers therein had injured the plaintiff's dwelling-house and depreciated its value, and had injuriously affected his health and that of his family. *Held* that the averment concerning the health of the plaintiff's family was proper and evidence in support of it admissible, not as a basis for damages, but to show the character and effect of the nuisance and the propriety of granting or refusing the injunction asked for.

Where evidence is admissible for one purpose but not for another, it will be presumed, in the absence of any showing to the contrary in the record, that it was used only for the proper purpose.

The question whether the use to which an owner has put his property is reasonable or not, is one which cannot well be determined by any

precise, definite rule, but must depend largely upon the circumstances of each case. The use may, however, constitute a nuisance if it is such as to produce a tangible and appreciable injury to neighboring property, or such as to render its enjoyment specially uncomfortable or inconvenient; and this is a question of fact for the determination of the trier.

**As** tending to prove that the plaintiff's house was cheaply and poorly built, the defendant asked the contractor how much he paid the subcontractors. *Held* that if the fact that the house was poorly constructed was admissible at all, it should have been established by direct testimony and not by inference, and that the trial court properly excluded the inquiry.

It is within the discretion of the trial court to allow testimony pertinent to the direct examination to be put in on the re-direct examination of the witness.

An expert in real estate values who was familiar with the premises and the evils complained of was allowed to testify what effect, if any, they would have upon the value of the plaintiff's property. *Held* that this evidence was properly admitted.

**The** plaintiff offered evidence that other persons and houses, similarly situated, suffered in the same way from the operation of the defendant's factory. *Held* that this evidence was admissible as tending to support his claim; but that evidence on behalf of the defendant, that smoke from other factories did or did not affect other dwelling-houses, was properly excluded, because the plaintiff's house was not shown to have been in the line or drift of such smoke.

Argued January 25th—decided March 30th, 1899.

SUIT for an injunction against a nuisance and for damages, brought to the Superior Court in New Haven County and tried to the court, *Elmer, J.;* facts found and judgment rendered for the plaintiff for $300 damages, and appeal by the defendant for alleged errors in the rulings and findings of the court. *No error.*

The complaint set out in detail that the defendant carried on a large factory situated contiguous to the dwelling-house of the plaintiff, "and in the transaction of its business has used and still continues to use a boiler and steam engine, to which is attached a steam whistle frequently sounded by the defendant, machinery, heavy hammers, and trip-hammers which are operated by machinery. The use of said machines and hammers and the blowing of said whistle by the defendant has, since the said first day of February, 189 , made,

Hoadley *v.* Seward & Son Co.

and still makes, so much noise that it has been and is impossible for the plaintiff and his family to carry on conversation in an ordinary tone, jars the house of the plaintiff to such an extent that it cracks the plastering of the house, injures the plumbing, rattles the windows and the casings, and the dishes standing on the shelves or on the tables in the house. In operating said engine and boiler the defendant has used and still uses a large quantity of fuel, and in consequence thereof large quantities of cinders and soot have fallen and still fall upon and greatly injure clothing hung in the yard to dry, and smoke and gas from the chimneys of the factory have entered and still enter the house of the plaintiff, whenever the windows are open, to such an extent as to make said house well nigh uninhabitable, and have greatly injured the furniture and ornaments contained in the plaintiff's house. On account of the operation of said factory and steam engine as aforesaid, the constant and repeated jarring caused by the use of said hammers and machinery by the defendant, and the entrance of said smoke and gas into the plaintiff's house, the health of the plaintiff and his family have been injuriously affected, and the value of the plaintiff's property has been greatly diminished."

There were various pleadings and rulings thereon. The court found the issues for the plaintiff and rendered judgment for him to recover damages, but did not grant the injunction. There is a finding of facts which, in substance, is that the matters averred in the complaint are true.

*Henry Stoddard* and *Roger S. Baldwin*, for the appellant (defendant).

The following cases support the several claims of the defendant as set forth in the opinion. 1. *Kearney* v. *Farrell*, 28 Conn. 320; *Story* v. *Hammond*, 4 Ohio, 376; *Loughran* v. *Des Moines*, 72 Ia. 385; *Pierce* v. *Wagner*, 29 Minn. 356; *Ellis* v. *Kansas City, etc., R. Co.*, 62 Mo. 136; 3 Sedg. Dam. §948; *Smith* v. *St. Joseph*, 55 Mo. 456; *Fuller* v. *Naugatuck R. Co.*, 21 Conn. 557, 571; *Tompkins* v. *West*, 56 id. 488. 2. *Campbell* v. *Seaman*, 63 N. Y. 568; *St. Helen's Smelt-*

*ing Co.* v. *Tipping,* 11 H. L. Cas. 642 ; *Hurlbut* v. *McKone,* 55 Conn. 31; *Rogers* v. *Elliott,* 146 Mass. 349; *English* v. *Progress Electric Co.,* 95 Ala. 259; *Com.* v. *Miller,* 139 Pa. St. 94. 3. *Lincoln* v. *Taunton Copper Mfy. Co.,* 9 Allen, 187 ; *Emerson* v. *Gas Light Co.,* 3 Allen, 410 ; *Campbell* v. *Russell,* 139 Mass. 278 ; *Collins* v. *Dorchester,* 6 Cush. 396 ; *Taylor* v. *Monroe,* 43 Conn. 36; *Kidder* v. *Dunstable,* 11 Gray, 342; *Marvin* v. *New Bedford,* 158 Mass. 466 ; *Temperance Hall Asso.* v. *Giles,* 33 N. J. L. 260 ; *Calkins* v. *Hartford,* 33 Conn. 59 ; *House* v. *Metcalf,* 27 id. 632; *United States* v. *McGlue,* cited in Thayer's Cas. Ev. p. 676 ; *Spear* v. *Hiles,* 67 Wis. 367 ; Rogers on Expert Testimony, pp. 64, 118, 128 ; *Shaw* v. *Susquehanna Boom Co.,* 125 Pa. St. 324; *Moyer* v. *New York, etc., R. Co.,* 98 N. Y. 646 ; *Turner* v. *Newburgh,* 109 id. 308. 5. 1 Rice, Ev. §§ 225, 229 ; Green. Ev. §§ 190, 467 ; *Chaser* v. *State,* 36 Wis: 432. 6. *C. & O. Canal Co.* v. *Hitchings,* 65 Me. 141; *Hartz* v. *St. Paul, etc., R. Co.,* 21 Minn. 361; 3 Sedg. Dam. § 947 ; 4 Wait's Act. & Def. p. 777.

*William H. Ely* and *Howard C. Webb,* for the appellee (plaintiff).

The facts found clearly prove that the defendant is keeping and maintaining a nuisance, and that the plaintiff suffers on account thereof. That the plaintiff is entitled to some relief is apparent by the decisions of all courts which have passed on a similar state of facts. *Hurlbut* v. *McKone,* 55 Conn. 31; *Mootry* v. *Danbury,* 45 id. 556 ; *Parker* v. *Union Woolen Co.,* 42 id. 402; *Stowe* v. *Miles,* 39 id. 428; *Whitney* v. *Bartholomew,* 21 id. 213; *Brady* v. *Weeks,* 3 Bart. 157; *Bliss* v. *Hall,* 5 Scott, 504; *Crossley* v. *Lightowler,* L. R. 3 Eq. 279; *Holsman* v. *Bleaching Co.,* 14 N. J. Eq. 343; *Crosby* v. *Bessey,* 49 Me. 529; *Dana* v. *Valentine,* 5 Mich. 12; *Sturgis* v. *Bridgman,* L. R. 11 Ch. Div. 852; *Rogers* v. *Elliott,* 146 Mass. 349; *Bacon* v. *Chatham,* 7 Cush. 581. The cases cited establish the following principles of law: First. A nuisance is anything which " worketh hurt, inconvenience, or damage." Second. Whether the plaintiff bought and built on his land after the nuisance was established is immaterial. Third. That

the business is in itself a lawful business is no defense. Fourth. Whether the use of property is a reasonable use must be determined while considering the rights of others. Fifth. That there must be considered the effect "upon people generally and not upon those, on the one hand, who are peculiarly susceptible . . . or those on the other, who by long experience have learned to endure." Sixth. That the effect upon the health and comfort of those within the influence of the nuisance must be considered. Seventh. The effect on the property and on the health of the family of the person complaining are proper elements to be considered. These principles of law, fully sustained by the decisions cited, answer all the claims of the defendant, and sustain the rulings of the court.

ANDREWS, C. J. The numerous assignments of error set forth in the appeal are grouped by the counsel for the defendant in their brief, and are considered under seven heads.

1. It is claimed that the trial court erred "in refusing to strike out from the complaint the allegation that the health of the family of the plaintiff had been injuriously affected, and in permitting the plaintiff, in support of his right to recover damages, to testify as to the personal injury and physical suffering caused his wife by the disturbances attributed to the operation of the defendant's factory."

This assignment of error, it seems to us, is not an entirely correct statement of the question. The allegation mentioned was put into the complaint, not in support of the right to recover damages, but as descriptive of the character and the effect of the nuisances of which the plaintiff complained. A nuisance is that which "worketh hurt, inconvenience, or damage." In complaining of a nuisance the plaintiff must of necessity describe it according to the characteristics which he conceives it to have and as he expects to prove them. And so he must set forth in what way it had occasioned him hurt, inconvenience and damage. This the plaintiff did in this case. The allegation mentioned was one of the forms in which the plaintiff undertook to set forth how he had been

Hoadley v. Seward & Son Co.

occasioned damage, inconvenience and hurt by the operation of the defendant's factory. If this allegation should be expunged, then the cause of action which the plaintiff supposed himself to have would not be described in the complaint. If the allegation was true, then certainly the plaintiff had been in this respect occasioned hurt, inconvenience and damage, and the existence of that element of a nuisance was shown. And the allegation was one which he might rightfully insist should be in his complaint.

The testimony objected to was offered in support of this part of the complaint. The objection to it was (1) that it was not admissible on the question of damages; (2) that it was not admissible upon the question whether an injunction should be issued; (3) that it was not admissible because it calls for an opinion.

We think the evidence was clearly admissible on the question of granting or refusing the injunction. It was not error to admit it. Even if it should be granted that this evidence was not admissible on the question of damages, still there would be no error. It was evidence which had a perfectly legitimate purpose to perform in the mind of the trial judge; and it is to be conclusively presumed, in the absence of any evidence to the contrary shown by the record, that it was received and used for this purpose and for no other. *Hurlbut* v. *McKone*, 55 Conn. 31, 46.

2. The defendant next claims that error was committed "in overruling the claims of the defendant, that the fact that it carried on a lawful manufacturing business, operated in the usual manner, defeated the plaintiff's claim to recover damages; unless it was established that by the operation of the defendant's factory and machinery the house of the plaintiff had been materially damaged, or that the health of people in ordinary health and vigor living in the plaintiff's house had been substantially affected."

We suppose that in this assignment the defendant's counsel have undertaken to state the rule or standard by which, as against the plaintiff, the right of the defendant to use its factory is to be measured. They could hardly claim it to be

a complete statement of that standard, because it does not contain all the elements of which such right is composed. All the circumstances which attend the use must be considered.

"It is a general rule that every person may exercise exclusive dominion over his own property, and subject it to such uses as will best subserve his private interests. Generally, no other person can say how he shall use or what he shall do with his property. But this general right of property has its exceptions and qualifications. *Sic utere tuo ut alienum non lædas*, is an old maxim which has a broad application. It does not mean that one must never use his own so as to do any injury to his neighbor or his property. Such a rule could not be enforced in civilized society. Persons living in organized communities must suffer some damage, annoyance and inconvenience from each other. For these they are compensated by all the advantages of civilized society. If one lives in the city he must expect to suffer the dirt, smoke, noisome odors, noise and confusion incident to city life." But every person ought to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor. If he makes an unreasonable and unwarrantable or unlawful use of it so as to produce material annoyance, inconvenience, discomfort, or hurt to his neighbor, he will be guilty of a nuisance to his neighbor; and the law will hold him responsible for the consequent damage. What is a reasonable use of one's own property cannot easily be defined by any precise general rule; it must depend largely upon the circumstances of each case. "A use of property in one locality and under some circumstances, may be lawful and reasonable which, under other circumstances would be unlawful, unreasonable and a nuisance. To constitute a nuisance, the use must be such as to produce a tangible and appreciable injury to neighboring property, or such as to render its enjoyment specially uncomfortable or inconvenient." *Campbell* v. *Seamen*, 63 N. Y. 568, 576; *Hurlbut* v. *McKone*, 55 Conn. 31. Within this rule thus stated, it is obvious that the defendant's factory might have been a nui-

sance to the plaintiff's property and his family. The trial court found that it was. There is nothing to indicate that it did not apply these rules, and so there is nothing to indicate error.

The evidence specifically objected to was a question to and an answer by the plaintiff, as a witness in his own behalf. The plaintiff in the complaint had averred that by the operation of the defendant's factory the health of himself and of his family had been injuriously affected. It is fair to assume that as a witness he had testified in general that such injury had been caused. Among other things the plaintiff was asked to state what effect the operation of the defendant's factory had upon his wife when she was sick. In answer to this he was allowed to state certain movements made by his wife when sick, and her exclamations indicating that the noise of the defendant's machinery caused her pain and suffering. If by the noise from the defendant's factory the plaintiff's wife was made sick, or when sick was made worse or caused greater pain and suffering than she otherwise would have had, then this evidence was admissible because it tended to prove the allegations of the complaint to be true. It was admissible as to granting or refusing the injunction. *Turner* v. *Newburgh,* 109 N. Y. 301, 309. The objection went rather to the weight of the testimony than to its admissibility.

3. The third point made by the defendant in its brief is, that the court erred " in overruling the claim of the defendant that the evidence of witnesses as to the effect upon other houses than that of the plaintiff, attributed by them to the disturbances produced by the operation of the defendant's factory, was not admissible to support the right of action of the plaintiff, either so far as damages are concerned or the right to an injunction; and in admitting the testimony of the witnesses Mrs. Nelson and Mrs. Tinker as to the disturbances noticed in other houses from the operation of the defendant's machinery, and as to the effect caused thereby upon the witnesses themselves."

We think this evidence was admissible, not to show that other persons might have a cause of action against the defend-

ant, but to show that the operations of the defendant's factory created a nuisance. If other persons than the plaintiff, situated in respect to the defendant's factory substantially as he was, suffered therefrom the same kind of hurt, inconvenience and damage that he did, then the experience of the others tended to establish the claim of the plaintiff.

4. The defendant complains that the court erred "in excluding the questions asked of the builder Leonard, relating to the price paid the different subcontractors who did the work on the plaintiff's house."

We think there was no error in this ruling. It was not the best evidence. 1 Greenl. on Ev. § 82. The plaintiff claimed and had offered evidence tending to prove, that the operation of the defendant's factory injured his house, caused the plastering to crack, etc. The testimony of the witness Leonard could affect this claim of the plaintiff only by an inference. If the plaintiff's house was in fact built of cheap materials and by inferior workmanship, that fact, if admissible at all, should have been proved by direct testimony.

5. The next error assigned by the defendant is that the court erred "in permitting the plaintiff, upon his re-direct examination, to testify as to the contents of a conversation which took place between him and Moses Seward, a partner of the firm of M. Seward & Son, before he built his house, in which the latter expressed the opinion that the jar and vibration from the hammers could be stopped, and that he would do what was best to stop it, and that he thought a trench could be dug back of the factory and there would be no trouble after that; and in permitting the plaintiff to testify upon his re-direct examination to a conversation which took place between him and a clerk in the office of the defendant company."

The objection here seems to be that the court permitted the plaintiff to testify, on his re-direct examination, to facts which, if admissible at all, should have been brought in on his direct examination. Granting the claim of the defendant in respect to this evidence was correct, yet we cannot say there was error. It was within the discretion of the court to allow the

evidence to be put in at that time. *Hathaway* v. *Hemingway,* 20 Conn. 191, 196, WAITE, J.; *Belden* v. *Allen,* 61 id. 173, 175.

6. In this assignment the defendant claims that the court erred "in admitting the question put to the real estate dealer Hewitt by counsel for the plaintiff: 'Now I will ask what effect, if any, the location of that factory producing the noise and jars that you have testified to of your own knowledge, would have upon the value of Mr. Hoadley's piece of property?'" To the question thus propounded the witness answered, "It deteriorates its value."

This witness was introduced by the plaintiff as an expert in the value of real estate, familiar with the premises in question and the value of property in New Haven, also acquainted with the factory and the disturbances proceeding therefrom to the house of the plaintiff and others. We can do no otherwise than assume that the court found Mr. Hewitt to be an expert in the value of real estate in New Haven, and that he was qualified to speak as to the effect which the disturbances would have on the value of such property.

7. The last point urged by the defendant is that the court erred "in excluding the testimony of the witness Mrs. Prince, as to the source from which came the smoke which affected the plaintiff's premises."

We think the counsel have not quite correctly stated the question asked, or the effect of the ruling. The precise question objected to was this: "Now, I will ask you, Mrs. Prince, whether you have noticed any effect upon your house or premises from smoke from any other source than the Seward factory?" Mrs. Prince lived on Bristol street, a street north of the defendant's factory, and some distance from it. She had testified that she had never noticed any smoke from that factory; and was then asked the above question. The plaintiff lived on Lake Place, a street south of the defendant's factory and only a short distance from it.

The ruling was correct. Whether smoke coming from a source other than the defendant's factory did or did not have any effect on houses or premises other than that of the plaintiff, and not shown to be in such a situation or line as re-

spects his, that smoke drifting over it might also drift over his, is a questi··n not within the pleadings in this case.

There is no error.

In this opinion the other judges concurred.