### JEREMIAH R. DOWNING *vs.* WILLIAM H. ELLIOTT.

Suffolk.   March 21, 1902. — June 18, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Equity Jurisdiction*, To enjoin nuisance, Injunction, Damages.

In a suit in equity by the owner of an ice pond to restrain a proprietor of green-houses from burning soft coal to the injury of the plaintiff's ice, a master found that the damages if any caused by smoke, soot and cinders from the defendant's chimney were insignificant compared with the damage to the ice resulting from other causes, and also found that, while the use of soft coal was not a necessity in carrying on the defendant's business, it saved him between $400 and $500 a year. *Held*, that the plaintiff was not entitled to an injunction or to damages; that an injunction would not afford the plaintiff the relief which he sought and would inflict great and unnecessary injury on the defendant, and as the alleged injuries were too slight and uncertain to be a ground for an injunction they could not be made the basis for an assessment of damages.

MORTON, J.   The plaintiff is engaged in the ice business and is the owner of a pond in Brighton from which he cuts ice for family and wholesale trade.   The defendant is the owner of a greenhouse near the pond and heated by steam.   Prior to the bringing of the bill he had used soft coal.   And the bill alleges that smoke, dust, soot and cinders were thereby deposited in the plaintiff's pond and the ice rendered unfit for use.   The prayer of the bill is, that the defendant may be restrained from using soft coal or other fuel that will interfere with or injure the property or business of the plaintiff, and for the assessment of damages.   The case comes before us on the pleadings, the master's report and supplemental report, and the plaintiff's exceptions thereto so far as they raise questions of law, and the evidence reported by the master, — such disposition to be made of the case as law and justice require.   The exceptions relate to the matter of damages, and the view which we have taken of the case renders it unnecessary to consider them.

The defendant's business is a lawful business and he has a right to use his premises in any manner that will not interfere with the legal rights of others, or violate the law.   It cannot be said, we think, that the use of soft coal for the purpose of generating steam of itself constitutes a nuisance, though there are

many places in which its use is regulated, and there is nothing to show that the business is not a proper one to be carried on in that locality, or that it is not carried on in a proper manner. Indeed there would seem to be few businesses less objectionable than that of growing plants and flowers for sale. But though the locality is a suitable one, and the business is lawful and carried on in a proper manner, the defendant has no right to materially contaminate the air that comes to the plaintiff's premises, and injure his business and property by the presence and deposit of smoke, soot, dust and cinders. Every one has a right to have the air that comes to his premises come as pure and uncontaminated as can reasonably be expected. In thickly settled communities absolute purity is out of the question. And the more thickly settled the community is, and the more varied are the kinds of business, the more will the atmosphere be unavoidably impregnated with impurities. This is one of the inconveniences, if it is an inconvenience, which every one who lives in a populous neighborhood must suffer. But the fact that the atmosphere is already impure does not justify or excuse a party in adding to the impurity so as thereby to cause still further discomfort to others, or still further injury to their business or property, and conduct which leads to such a result will constitute an invasion of the rights of the parties injuriously affected thereby. But in these as in other cases an independent wrongdoer is responsible only for the consequences of his own wrongdoing, and not for the acts or conduct of others. The burden of proof is upon the party complaining, and each case must stand on its own facts. No general rules can be laid down that will furnish an infallible guide in all cases. The most that can be done is to indicate the lines along which the decision must proceed. To entitle the plaintiff to relief, the injury, of which he complains, must be certain and substantial, and not slight or theoretical. The right, as already observed, is not a right to absolute purity, any invasion of which would give a right of action, but it is a right to such a degree of purity as taking all the circumstances into account the plaintiff is reasonably entitled to. See *Boston Ferrule Co.* v. *Hills,* 159 Mass. 147 ; *Rogers* v. *Elliott,* 146 Mass. 349 ; *St. Helen's Smelting Co.* v. *Tipping,* 11 H. L. Cas. 642 ; *Crump* v. *Lambert,* L. R. 3 Eq. 409 ; *Walter* v. *Selfe,* 4 De G. & Sm. 315 ; *Fleming* v.

*Hislop*, 11 App. Cas. 686; Wood's Law of Nuisances, (1st ed.) §§ 429 *et seq*.

In the present case the master finds that the ice was unfit and unsuitable for the plaintiff's family trade by reason of black spots resembling soot and cinders embedded in it, and that the black specks referred to had been deposited on the surface and had sunk into the ice in the process of alternate freezing and thawing. And he says, what is obvious, that the main question in the case is to determine from what source these specks came. Upon that question he finds as follows : " I cannot find that no particles of soot or carbon from the defendant's chimney are deposited in the plaintiff's pond, or upon his ice, but I find and report that soot and cinders from the defendant's chimney caused by the burning of soft coal by him are only one cause contributing to the specks resembling soot and cinders in the plaintiff's ice, rendering it unfit and unsuitable to be used and disposed of in his family trade."

" I further find and report, if it is material, that the portion of soot and cinders coming from the defendant's chimney is of small importance in comparison with other causes contributing to injure the plaintiff's ice and render it unfit and unsuitable as aforesaid."

These findings are warranted by other facts found by the master, such, for instance, as the general considerations affecting the locality, the precautions taken by the defendant to prevent the escape of soot and cinders, the distance from the fire to the chimney, and the distance from that to the pond, the fact that the prevailing wind was not in a direction from the greenhouse towards the pond, and the experiments and other circumstances tending to show that the atmosphere abounded in impurities from other causes. There is no finding that any unusual or extraordinary volumes of smoke issued at any time from the defendant's chimney. And the fair import of the master's findings is, it seems to us, that while he cannot say that no soot and cinders from the defendant's chimney were deposited on the plaintiff's ice, if any were deposited, they contributed only slightly, if at all, to the injury to the ice, and the damage done by them was insignificant as compared with that resulting from other causes. He further finds that while the use of soft coal is not a necessity in carrying on the defendant's busi-

ness, it is more economical and saves him between $400 and $500 a year. If, therefore, an injunction should issue as prayed for, it not only will not afford the plaintiff the relief which he seeks, but will inflict great and unnecessary injury on the defendant. As the case stands we do not think that the plaintiff is entitled to an injunction.

Neither do we think that he is entitled to damages. If the alleged injuries are too slight and uncertain to be ground for an injunction, we do not see how they can be made the basis for an assessment of damages.

The result is that we think that the bill should be dismissed.

*So ordered.*

*G. A. A. Pevey & V. Goldthwaite*, for the plaintiff.
*F. M. Forbush*, (*J. F. Sweeney* with him,) for the defendant.