HANNAH A. WADE vs. KATHERINE MILLER.

Plymouth. January 25, 1905. — April 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Nuisance. Equity Jurisdiction, To enjoin nuisance.*

To determine whether a nuisance exists which will be enjoined in equity the effect of the things complained of upon persons of ordinary health and sensitiveness is to be considered rather than their effect upon those afflicted with disease or an abnormal condition of the nerves.

Keeping a number of hens and two crowing cocks in hen houses and a hen yard maintained in a cleanly condition in the principal village of a country town near or adjoining the dwelling house of another can be found not to be a nuisance entitling the owner of the dwelling house to an injunction to restrain it.

BRALEY, J. This is a bill in equity to enjoin the defendant from maintaining an alleged nuisance that by reason of its nature and proximity impaired the rental value of the plaintiff's property.

The case was referred to a master to whose report no exceptions were taken, and upon whose findings of fact a decree was entered in the Superior Court confirming the report, and dismissing the bill, from which the plaintiff appealed to this court.

From the report it appears that the parties own and occupy contiguous estates situated in the principal village of the town of Bridgewater. There were two dwelling houses on the plaintiff's land, one of which she occupied, and rented the other that was nearest to the homestead of the defendant, who maintained two hen houses, and yard connected therewith, in which a number of hens and not more than two roosters were kept. The plaintiff's claim is that the odor from the houses and yard occasionally became so pungent that, combined with the cackling of the hens and crowing of the roosters, the house occupied by her tenant was rendered uncomfortable as a place of residence.

It is found that the tenant and members of his family, especially his wife, who was a nervous invalid, complained that they were disturbed and annoyed by the odor and noise thus caused, though the plaintiff herself living in a house within a distance

of forty-five feet therefrom was not disagreeably affected to an appreciable extent.

Where the question of a private nuisance is raised, the result produced by it upon persons of ordinary health and sensitiveness rather than upon those afflicted with disease or abnormal physical conditions is to be taken as the criterion.

In the lawful use of property how far an annoyance may be caused to other persons without becoming a nuisance becomes a question of degree. For what may amount to a serious injury to health or the enjoyment of property in one locality by reason of density of population, or the residential character of the neighborhood affected, or the nature of the specific act, may in another place and under different surroundings be deemed proper and unobjectionable.

But in any case if it is sought to prevent by injunction the further continuance of any legitimate business or employment which it is claimed constitutes a nuisance, a real and not a fanciful injury to person or property must be shown. *Davis* v. *Sawyer*, 133 Mass. 289, 290, 291. *Commonwealth* v. *Perry*, 139 Mass. 198. *Commonwealth* v. *Packard*, 185 Mass. 64, 66.

The defendant had a right to the lawful use and enjoyment of her premises, and this would include the keeping of hens in houses, and a yard used for that purpose, which are shown by the report to have been maintained in a cleanly condition, and cared for in such a manner as not to injuriously affect the health of any normal person living in that neighborhood.

Although the odor arising from the hen houses and yard, which at times was accompanied by the characteristic cry made by their occupants, may have been unpleasant, it does not appear by the report to have been physically uncomfortable or unbearable.

Indeed the findings of fact fail to show that the conditions existing on the premises of the defendant were abnormal, or differed substantially from those usually found in the country where the ordinary incidents arising from keeping barnyard fowls are not considered extraordinary, or peculiarly irritating even to sensitive persons. *Rogers* v. *Elliott*, 146 Mass. 349, 353. *Downing* v. *Elliott*, 182 Mass. 28, 29.

*Decree affirmed.*

*D. T. Devoll,* for the plaintiff.
*C. A. McLellan,* for the defendant.