## SALE BY AGENT OF GOODS AT LESS THAN AUTHORIZED PRICE.

Circuit Court of Cuyahoga County.

THE OHIO & PENNSYLVANIA COAL CO. v. THEODORE F. BEIDLER.

Decided, 1912.

*Agency—Acceptance of Order Secured by Agent Gives Him Right to Commissions.*

Where an agent has been authorized to sell goods on commission, the fact that he has sold them at a lower price than authorized by his principal does not defeat his right to commissions where the principal has accepted and filled the order.

METCALFE, J. (sitting in place of Winch, J.); NIMAN, J., and MARVIN, J., concur.

The plaintiff in this case was defendant in the action in the court below. That action was brought by Beidler to recover commission of two cents per ton on 108,000 tons of coal sold by the plaintiff company to the Colonial Salt Company. The plaintiff below obtained judgment and error is prosecuted here to reverse that judgment on the ground that the verdict is against the weight of the evidence.

Beidler in his petition claims that he had a contract with the Ohio & Pennsylvania Coal Company by which he was to receive two cents per ton for coal sold by him and that in accordance with that contract he did sell coal to the Colonial Salt Company. This is denied by the plaintiff company.

We are not able to say that the verdict of the jury in this case is manifestly against the evidence. It appears that negotiations began between Beidler and the Ohio & Pennsylvania Coal Company some time in July, 1908, and that Beidler was given a price of $1.05 per ton, and was to receive a commission of three cents per ton upon the sales made. Beidler entered into negotiations with the salt company through its manager, Mr. Turner, but the price of $1.05 did not seem to be satisfactory to Mr. Turner, and he asked Beidler to see Mr. Zerbe, the manager of the Ohio & Pennsylvania Coal Company, and get a better price. Mr. Zerbe, upon being told by Mr. Beidler that he would have to make a lower price, gave him a price of $1.03 and stated to him "if you have to take that much lower price you will have to take a less commission." And then continued Mr. Zerbe, "I authorized him to get $1.02 and we agreed to give him two cents a ton." At this same time Mr. Zerbe dictated a letter to Mr. Turner, the manager of the salt company, which he gave to Beidler. This letter is signed by "The Rice Coal Company by J. B. Zerbe, President." The coal which the salt company desired to purchase was known as Bergholtz coal, and was produced by the Rice Coal Company and not by the Ohio & Pennsylvania Coal Company. This letter was given to Mr. Beidler, and he called at the office of the salt company; not finding Mr. Turner in he left the letter at the office. The matter remained thus for several weeks, when it was taken up again directly between Mr. Zerbe and Mr. Turner, and a lower price than $1.02 was given to the

salt company, and at that price the sale was made. It seems to us clear from this evidence that it was through the instrumentality of Mr. Beidler that the parties were brought together, in making this sale. All of the negotiations were carried on through Beidler up to the time the sale was made, and Beidler having been instrumental in bringing the parties together, the fact that the contract was finally consummated without further intervention on the part of defendant does not prevent him from recovering his commission; nor could the fact that the sale was made at a lower price than that given to Beidler defeat him. See 42 Kan., 664; 71 Conn., 599. Same case, 44 L. R. A., 321, and note.

We are, therefore, of the opinion that the judgment in this case should be affirmed.