AMEDEO BUONERBA ET AL. v.
THE T. E. SCHNEIDERS' CORPORATION ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 70110

Memorandum filed August 20, 1946.

*Keogh & Candee,* of South Norwalk, for the Plaintiff.

*Tammany & Connery,* of South Norwalk, for the Defendants.

QUINLAN, J. These claims, joined under our statute in one action, rest on nuisance caused by vibration, noise, smoke, dirt and dust.

A considerable part of the trial was devoted to the issue of vibration and its effect on the houses of the plaintiffs. Earnestly as this contention was urged by counsel for the plaintiffs, and sincerely, I believe, by the parties, I find myself unable to reject the testimony of the defendants' experts. Professor Leet's education and training along these lines, besides his practical experience, as well as the tests he made indicate that vibration cracks are of a crisscross nature and such were absent. Moreover the cumulative dropping of the defendants' hammers in a practical sense make no difference as to causation, whatever infinitesimal change might occur from a decimal standpoint. It is noticeable, too, that Mrs. Robidoux laid the stress on the noise rather than the vibration. Professor Leet says that out of forty possible causes for cracks those present in this case were of a shrinkage or settlement nature. The houses lie in low ground where the tide has been known to cover the street. These factors give strength to the testimony of Mr. Everett, a contractor, who says that the cracks were of a settlement nature. It is apparent that some man from Bridgeport was present when Mr. Everett made his examination, and that man did not testify. I cannot let that circumstance escape me. Moreover, the court was not requested to view these premises.

This was an industrial zone, and the defendants were engaged in war work. The defendants, however, were required to make a reasonable use of their premises. The Connecticut cases of *Hurlbut* v. *McKone,* 55 Conn. 31, *Nailor* v. *Blakeslee & Sons Inc.,* 117 Conn. 241, 244, and *Hoadley* v. *M. Seward & Son Co.,* 71 Conn. 640, 646, illustrate the legal position the defendants occupied. As the case developed itself, and as I observed the various witnesses, I could detect an emphasis on the vibration which really stemmed from the noise, especially in the overtime periods. These latter as a matter of time were unconsciously overexaggerated, as appears from the defendants' records. At these unusual periods, I am sure the noise element fastened itself on the imagination of the plaintiffs to magnify the vibration Just as the court was not requested to view the plaintiffs' premises, neither was a request made that I observe the hammers in operation.

So, while I cannot ascribe the cracks to vibration and therefore cannot allow damages on that account, it appears that during overtime operation, which in fact covered limited periods, the enjoyment of the plaintiffs' premises was made uncomfortable and inconvenient. Indeed, the brief of the plaintiffs, while not exactly conceding, at least recognizes that in an industrial zone something more must be endured in the daytime than in overtime work.

I find that, to the limited extent that operations occurred either in the night season or on holidays or Sundays, the comfort of certain of the plaintiffs was violated. Consequently I find that a reasonable sum for this inconvenience is $50 to each ownership as of record; United States Smelting Co. v. Sisam, 191 Fed. 293; Baltimore & Potomac R. Co. v. Fifth Baptist Church, 108 U. S. 317, Millett v. Minnesota Crushed Stone Co., 145 Minn. 475; but excluding Howard Caldwell, The Novak Realty Company, and the eight D'Amico heirs, who are Samuel, Dominick, Alphonse, Anthony, Nancy and Rose D'Amico, Mary Trani and Josephine Nuzzo, because of lack of evidence showing occupancy; and that the defendants be enjoined from operating the hammers or forges after 5:30 p. m., except where daylight saving time is the regulation, when they shall not be operated after 4:30 p. m. Eastern standard time, and that the defendants shall be further enjoined from operating the same on holidays or Sundays.

I find no credible evidence to sustain the claim of damage from smoke, dust and dirt.

Judgment for the plaintiffs may enter in accordance herewith with costs.