SUSAN TUFANO *v.* TECHNICAL RUBBER, INC.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 94945

Memorandum filed April 3, 1961

*Austin R. Lowe,* of New Haven, for the plaintiff.

*Joseph Glass* and *Kevin T. Gormley,* both of New Haven, for the defendant.

FITZGERALD, J. This case was returned to court on the first Tuesday of February, 1961. It is one in which the plaintiff is seeking injunctive relief and/or damages. In early March, it was assigned for a hearing on the question of the issuance of a temporary injunction, pursuant to § 52-481 of the General Statutes. At the request of the court, counsel for the defendant filed an answer and joined issue and the case was tried on its merits March 15 and 16, 1961. Upon the conclusion of the evidence on the latter day, the court with counsel visited and inspected the defendant's premises and those of the plaintiff.

The following facts are not in dispute between the parties: The plaintiff is the owner of a three-family dwelling house located on the south side of

Bristol Street in West Haven and known as No. 40. Her ownership of this property goes back to 1941. She resides on the third floor with her husband and small daughter. It has been her custom to rent the first and second floors for living quarters by separate families. In the past, the plaintiff has received $100 a month rental for the first-floor apartment and $90 a month rental for the second-floor apartment. Both of these apartments have been unoccupied for a year or more. To the rear of the plaintiff's property, that is to say, south thereof, are the premises occupied by the defendant. They consist of a fairly large interior lot area and a modest size industrial building in which the defendant operates a rubber and plastics plant. Egress and ingress from and to the defendant's property is had from Orange Avenue by means of a right of way leading northerly from that highway. The defendant's own industrial use of this property goes back to 1955. Prior to that date the former occupant or occupants also used the property for industrial use.

The properties of the parties are situated in an industrial zone and have been so situated for several years. The property of the plaintiff is situated on the northerly fringe of that zone. There are other properties adjoining those of the defendant of which industrial uses are made. Reference is made to but one, namely, that of Rubbercraft, Inc., located to the southwest of the defendant's property. Broadly stated, it is the plaintiff's claim that the manner of operation by the defendant of its plant constitutes a nuisance and has subjected her and her family to irreparable injury. The specific allegations in support of this claim are recited in paragraphs 3, 4 and 5 of her complaint. It is interesting to note that of the cases cited by counsel in their briefs in support of their respective positions, three of such cases are the same. They are the following: *Hoadley* v.

*M. Seward & Son Co.,* 71 Conn. 640 (1899) ; *Nailor* v. *C. W. Blakeslee & Sons, Inc.,* 117 Conn. 241 (1933) ; *Heppenstall Co.* v. *Berkshire Chemical Co.,* 130 Conn. 485 (1944). While the results obtained in these cases varied, the opinions therein of our Supreme Court represent the case law of Connecticut on the subject of this kind of litigation. General reference is made by the court to 39 Am. Jur. 333, §§ 43–59. Actually, the questions presented in the main are of fact and not of law, with the burden of proof on the plaintiff.

In a case of this character, the testimony introduced by the parties is usually in sharp conflict. Such was the situation at the trial of this case. For that reason, the court felt that it should visit the scene with counsel and ascertain at first hand the exact situation with the defendant's plant functioning at the height of its activity. The visitation was carried out under these conditions. The court found no vibration to the plaintiff's ground, nor offensive odor emanating from the defendant's plant, nor any noise of an unreasonable nature coming from the defendant's machinery while in full motion. To be sure, there were some cracks observable on the walls of the plaintiff's apartments on all three floors. But such can be found in homes located in an exclusive residential area. That the first- and second-floor apartments of the plaintiff's house have been unoccupied for a year or more could give rise to many explanations other than those claimed by the plaintiff. One could be that the rental asked by the plaintiff in each instance is too high for living quarters in an industrial zone. No expert witness on this aspect was produced by the plaintiff. In the course of its inspection, the court noted that the exterior of the plaintiff's house looked remarkably good, as did that of other dwelling houses to the east and west of the plaintiff's property. There was no evi-

dence that the exterior of these houses had been the subject of industrial contamination. So also, washing hanging on lines of houses close to that of the plaintiff did not appear to be the subject of grime or other dirt caused by the defendant's industrial activities.

It is the considered opinion of the court that the plaintiff has not sustained the required burden of proof in support of the basic allegations of her complaint. That the defendant has attempted to alleviate conditions as best it could for the sake of community peace and harmony, even to the extent of undertaking to install on a voluntary basis new equipment in June, at the cost of several thousand dollars, to reduce possible odor, is not regarded by the court as an admission or recognition by the defendant of the validity of the plaintiff's claims. The conclusion reached is that the plaintiff has not shown that the defendant has made or is making an unreasonable operation of its industrial plant, which is located in an industrial zone. Any small inconvenience the plaintiff may be subjected to stems from the fact that she has the misfortune of living in an industrial zone, and not from any illegal or unreasonable use made by the defendant of its premises, which are devoted to a legitimate industrial use in a zone where such use is permitted by local zoning regulations.

"There is authority for the rule that persons of ordinary health and sensitiveness rather than those affected with disease or abnormal physical condition are to be considered in relation to the injury [claimed to have been] caused by nuisance." *Heppenstall Co.* v. *Berkshire Chemical Co.*, 130 Conn. 485, 489. In considering the question whether the plaintiff has sustained the required burden of proof, and in deciding that she has not, the court has also taken into account the subject of the fore-

going quotation.  It is considered that it applies to the plaintiff from the standpoint that she appears to be more sensitive than the average person.  This is not to be taken as any reflection on the lady herself.  The same may be said of the witnesses called by the plaintiff.  The court's visitation to the scene and its observations are decisive of the case.

Further discussion is not required.  The issues are found for the defendant, and judgment may so enter.  Taxable costs in favor of the defendant are limited to judgment fee and file.