### PEYTON R. BISHOP *vs.* EDWARD J. BANKS.

The bleating of calves kept over night at a slaughter house to be slaughtered in the morning, to the serious annoyance of a family dwelling near, held to be a nuisance and enjoined against.

Also the production of offensive smells from the offal of slaughtered animals.

PETITION for an injunction against the keeping of a slaughter house near the dwelling of the petitioner. The facts, which were found by a committee, were as follows :—

The petitioner owns a tract of land, situated about one and a half miles from the center of Bridgeport, on which, prior to May, 1864, he had erected a valuable dwelling house, and then occupied the same with his family, consisting of wife, four children and servants. The defendant possessed an adjoining tract of several acres, and about the 1st of May, 1864, commenced erecting a building thereon, designed for a slaughter house, and completed the same in July following, at an expense of about $1,200. It stands thirty-six rods from the dwelling house of the petitioner, forty-six rods from the dwelling house of the respondent, and forty rods from the highway, and is nearer to the house of the petitioner than to any other dwelling. It was occupied and used by the respondent, who is a butcher, carrying on business in the city of Bridgeport, for the purpose of slaughtering cattle, for the period of six weeks next prior to the 28th of August, 1864, (the date of the petition.) While the building was in the process of erection the petitioner called upon the respondent and

remonstrated against the erection upon the ground that it would be a nuisance and injure the value of his property. The respondent owns other land in the vicinity, but none to which the building could be removed and stand at a further distance from any dwelling house. He selected this spot because most remote from any dwelling house, and because an adjacent stream of water furnished an important means for cleanliness, and desirable facilities for watering the animals kept for slaughter; and he erected the building in good faith for the accommodation of his business, and the making of manure upon and contiguous to his land, and without any expectation or intention that it should become an annoyance or nuisance to the petitioner or others. It is built with all the improvements used in such buildings for the purposes of cleanliness, and is very convenient and highly beneficial to the respondent.

During the six weeks prior to August 28th, and while the respondent used the building, he kept in it, in a pen adapted to that purpose, over night, and to be butchered the next day, and for a considerable part of the time, a greater or less number of calves, which were brought to the city, as most of the calves received by the butchers doing business in that place are brought, upon the railroad. Calves thus separated and kept from the cows become very hungry and bleat in a plaintive and almost incessant manner, by day and by night, and greatly annoy sympathetic and sensitive people. The plaintiff and his family were thus annoyed and their sleep disturbed, and they were driven at times from the occupation of that part of the house nearest the slaughter house by the bleating of the calves; and their noise constituted a nuisance, if such noises producing such effects can constitute a nuisance in the law. The keeping of calves in the manner these were kept is a great convenience to those engaged in the business, and customary among those engaged in it in Bridgeport, because the calves are brought in car loads at a time, and at intervals; but the keeping of calves over night is not practiced during the fall and winter months and is not absolutely necessary at any time; and it is not necessary to enjoin the

respondent from all use of the building as a slaughter house to prevent the practice.

The petitioner offered evidence to prove that the stench from the slaughter was such an annoyance as to constitute a nuisance. The evidence was objected to by the respondent on the ground that no foundation was laid for its introduction by the allegations of the petition. The committee received it subject to the exception, and upon it found that some unpleasant odor was occasionally perceived in warm and damp weather, when the wind favored, by the plaintiff and his family; but that the petitioner made no complaint of it to the respondent and that it had not become sufficiently annoying to constitute a nuisance in fact when the injunction was served; that at the time the petition was brought, and during his use of the building for a slaughter-house, the respondent had swine there, to consume the offal, and did not remove it; and that slaughter houses generally, where swine are kept to consume the offal and make manure, are a serious annoyance, during the summer months, to persons living as near to them as the petitioner to this; but that it is possible to prevent such an effect by immediate removal of the offal, or a very frequent removal of the manure, and sufficient attention to cleanliness.

Upon these facts the case was reserved for the advice of this court.

*Sturges*, for the petitioner, cited 1 Hilliard on Torts, Ch. 19, § 6; *Catlin* v. *Valentine*, 9 Paige, 575; *Pish* v. *Dodge*, 4 Denio, 311; *Davidson* v. *Isham*, 1 Stockt., 186; *Walter* v. *Selfe*, 4 Eng. L. & Eq., 15; *Soltau* v. *DeHeld*, 9 id., 104, 122; *Folkes* v. *Chadd*, 3 Doug., 157; 2 Sto. Eq. Jur., § 925; *Whitney* v. *Bartholomew*, 21 Conn., 213; *Woolf* v. *Chalker*, 31 id., 129.

*Beardsley* and *Seeley*, for the respondent, cited 2 Eden on Injunctions, 263, 269, 273; 2 Hilliard on Torts, Ch. 11, §§ 3, 6, 9; *Whitney* v. *Bartholomew*, 21 Conn., 213; *State* v. *Moore*, 31 id., 479; 2 Selw. N. P., 1119; *Dana* v. *Valentine*,

5 Met., 8; *White* v. *Cohen*, 19 Eng. L. & Eq., 146; *Earl of Ripon* v. *Hobart*, 3 Mylne & Keen, 169, 178; *Hole* v. *Barlow*, 4 Com. Bench, *N. S.*, 334.

PARK, J. The respondent has successfully answered all the claims of the petitioner for a continuance of the injunction, with but one exception, and that is, in relation to the bleating of calves kept upon the premises for slaughter. We think the facts found by the court below upon this subject are sufficient to require the interposition of the court to prevent its continuance. It is found that the annoyance to the petitioner, proceeding from this cause, was so great at times as to drive him and his family from the occupancy of that part of his house nearest to the premises of the respondent. The court presents an extreme case of the kind—one that will constitute a nuisance, if a nuisance can be produced from such cause. In the cases of *Whitney* v. *Bartholomew*, 21 Conn., 213, and of *Brown & Brothers* v. *Illius*, 27 id., 84, this court distinctly recognize the doctrine that a nuisance may be produced by offensive sounds in the prosecution of business lawful *per se*. The same doctrine is held in the case of *Soltau* v. *DeHeld*, 9 Eng. L. & Eq. R., 104, where an injunction was granted to restrain the ringing of church bells by a Roman Catholic community, although they were rung only upon the Sabbath. They were located so near a person's residence that his peace and quiet were greatly disturbed. If sounds of such a character and so made can be sufficient to constitute a nuisance, how can it be questioned in the case under consideration ?

It is difficult to conceive of any noise more destructive to the comfort and happiness of a family than the constant wailing of animals in distress in the immediate vicinity of their residence. Enjoyment under such circumstances would require nerves of brass and a heart of steel. But it is unnecessary to pursue this subject, for reason and law harmonize in declaring that the conduct of the respondent in this particular is unlawful and wrong. He should remember the

maxim *sic utere tuo ut alienum non lædas*, and conduct accordingly.

The remaining claims urged by the petitioner for a continuance of the injunction are not supported by the allegations of his bill and we do not therefore consider them.

We advise the superior court to so modify the injunction that the respondent may be allowed to prosecute his business, but to prevent the bleating of calves and the raising of offensive smells to the annoyance of the petitioner.

In this opinion the other judges concurred.