## FRANK KASPAR vs. JAMES DAWSON ET UX.

Third Judicial District, Bridgeport, Oct. Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A defendant whose barn is complained of as a nuisance, may show that the offensive odors and noises come or might have come from other sources; and having shown how his barn was kept, he may then inquire of a witness experienced in such matters, to what extent odors could arise from a barn so cared for.

In the present case the trial court found that the effect of odors arising from manure taken from and piled near the defendants' barn, "renders the property of the plaintiff less valuable by $500," and granted an injunction; but it did not appear from the record that the plaintiff had yet suffered any pecuniary injury. *Held* that this finding meant only that the plaintiff's premises would be injured if the defendants continued to pile up the manure as they had done hitherto, and therefore the plaintiff was not entitled to a judgment for damages.

The existence of offensive odors which make life highly uncomfortable and disagreeable for the occupants of rented houses, is in itself an injury to the property rights of their owner.

The trial court enjoined the defendants from depositing manure upon their premises between the barn and the street, as theretofore; from permitting manure to remain in the barn at all unless removed therefrom at least once each day; and from depositing it at any place less than ninety feet from the plaintiff's land. *Held* that it did not appear from the record that the distance of ninety feet fixed by the court was unreasonable, or that it was adopted arbitrarily and without evidence; nor that there was any unlawful or unnecessary interference with the defendants' rights in requiring them to remove the manure daily.

An injunction decree should be clear and explicit in its terms, and should impose no burden or inconvenience upon the defendant which is not necessary to protect the plaintiff's rights. But when the ambiguity relates merely to the method of performing the act commanded, and it does not appear that the defendant has requested the trial court for any change, this court will not ordinarily remand the cause for a modification of the decree, but will leave that matter for such action by the trial court, when applied to for that purpose, as it may find just.

Conclusions reached by the trial court upon conflicting testimony will not be reviewed by this court upon appeal.

**Argued** November 9th, 1898—decided **January 4th, 1899.**

SUIT for an injunction to restrain the defendants from using a barn for stabling horses and from piling manure upon their premises, and for damages resulting from said acts, brought to the Court of Common Pleas in Fairfield County and tried to the Court, *Curtis, J.;* facts found, and judgment rendered for the plaintiff, and appeal by both parties for alleged errors in the rulings and findings of the court. *No error.*

The complaint alleged that the defendants had thrown the manure from their barn in a pile between the barn and a board fence on the line of the street; that the pile of manure was not covered, and that the barn was not connected with a sewer; that the odors from the manure pile, and the stamping of the horses in the barn at night, caused great discomfort to the plaintiff and his tenants, and rendered plaintiff's houses uninhabitable and of diminished value, and that his tenants had given notice that they would vacate his tenements unless said nuisance was removed. The complaint asked that defendants be restrained from using said barn as a stable; from throwing manure upon their premises; and $1,000 damages. The court found the following facts : —

1. On the 18th day of June, 1897, and prior thereto, the plaintiff was the owner of a certain lot of land with the buildings thereon standing, in Bridgeport. 2. On said day the defendants owned and were in possession of the lot of land with the buildings thereon, adjoining said plaintiff's land on the west. 3. On said land of the plaintiff there are located two dwelling-houses on Thompson street, close to the street line, each occupied by four families, and two cottages in the rear on Commercial street, each occupied by one family. One of said dwelling-houses on Thompson street stands about 28 feet distant from one end of the barn hereafter referred to, and 13 feet from the other end. 4. The plaintiff lives in the dwelling-house next to that adjoining the barn, occupying an apartment on the side toward the barn. 5. On the northeast corner of the defendants' said lot, within about 5 feet of Thompson street and within about 1 foot of the plaintiff's boundary line, a barn stands in which the defendants stable 8 or 9 horses. 6. The manure from this barn was

Kaspar v. Dawson et Ux.

daily thrown by the defendants into the open space between said barn and Thompson street, when this action was begun in June, 1897, and the barn was not then connected with a sewer; and the plaintiff and his tenants residing on his said premises were greatly annoyed and rendered uncomfortable by the odors coming from said barn and said manure. 7. After this action was begun, the defendants connected their barn with a sewer, and built a covered enclosure between said barn and Thompson street, in which they threw the manure from said barn daily, and had it carted away once or twice each week. 8. I find that since said improvements were made, the odors arising from said manure render living in the dwelling-houses of the plaintiff adjoining said barn highly uncomfortable and disagreeable, both to the plaintiff and his tenants. 9. I also find that the said effect of the odors from said manure renders the said property of the plaintiff less valuable, to the extent of $500. 10. Upon the trial the defendants offered evidence tending to show that there were other barns in the neighborhood in which horses were stabled, within various distances from the plaintiff's premises, from which noises and odors may have come. To this evidence the plaintiff objected and, upon its admission, duly excepted. 11. Upon the trial the defendants offered evidence tending to show that certain old tannery vats and certain refuse tannery matter still existed in the vicinity of the plaintiff's premises, and that from the same an odor proceeded during the period while said barn was located as at present and for many years prior thereto, and that said old tannery odor was the only odor perceptible in that locality. To this evidence the plaintiff objected and, upon its admission, duly excepted. 12. Upon the trial the defendants offered evidence of the manner in which Dawson kept his barn, and then inquired of witnesses who had had large experience in keeping horses in barns, to what extent odors could arise from barns kept in the condition testified to. To the whole of this evidence the plaintiff objected and, upon its admission, duly excepted.

Upon the facts the defendants claimed that judgment should be rendered in their favor.

The plaintiff claimed that the keeping and stabling of horses in the defendants' said barn was a nuisance to the plaintiff, on account of the odors and of the noises arising from said barn, and that defendants should be restrained from using it as a stable; that the piling of manure by the defendants upon said property was a nuisance to the plaintiff, and that the defendants should be restrained from piling manure upon the said premises.

The following order of injunction was made by the court: "Whereupon it is adjudged that the defendants and their servants and agents be and they are enjoined, each under a penalty of $1,000, from depositing manure upon said premises between said barn and Thompson street, as heretofore; and from permitting manure to remain in said barn at all, unless the same is removed from the barn at least once in each twenty-four hours; and from depositing the same at any place westerly from the plaintiff's land, as described in his complaint, less than ninety (90) feet therefrom; and that the plaintiff recover of the defendants his costs taxed at $     ."

*John C. Chamberlain* and *Stiles Judson, Jr.*, for the appellants (defendants).

*Carl Foster*, for the appellant (plaintiff).

HALL, J. Both plaintiff and defendants have appealed from the judgment of the Court of Common Pleas.

The plaintiff has no cause to complain of the rulings of the trial court admitting evidence offered by the defendants to show that the alleged odors may have come from other sources than the defendants' stable, or in receiving the testimony of experienced persons as to the extent to which odors could arise from a barn kept in the condition of that of the defendants. The court has decided the question of fact upon which this evidence bore in favor of the plaintiff. But no argument is needed to show that this evidence, as well as that offered to prove that the noises complained of may have proceeded from other stables than the defendants', was properly received by the court.

From the evidence before us, the court was justified in refusing to find, as requested by the plaintiff, that the noises from the stamping of horses in the stable was of serious annoyance to the plaintiff or his tenants. The court, therefore, rightly denied the plaintiff the injunction prayed for upon that ground.

The plaintiff was not entitled to a judgment for damages, upon the facts found. It does not appear from the record that he has suffered any pecuniary injury. The finding does not show that he has yet sustained a loss by reason of his inability to sell or rent his property at its full value. The language of the court is: "I also find that the said effect of the odors from said manure renders the said property of the plaintiff less valuable to the extent of $500." This clearly means that if the defendants are to continue to pile up the manure from their barn as they have heretofore, or to throw it into the enclosure recently constructed and remove it but once or twice a week, the value of the plaintiff's property will be thereby diminished by $500. Having obtained an injunction to prevent the defendants from doing the acts which would injure him in his property, the plaintiff was not entitled to a judgment for damages which he would suffer only upon a continuance of such acts. There is no error in the plaintiff's appeal.

The defendants are not entitled to have the finding corrected so that it shall state that the odors from the manure were only offensive through the months of warm weather. The trial court has refused to so find. The evidence certified shows that the fact was not proved, as claimed by the defendants, by undisputed testimony. We cannot review the conclusion of the court below upon that question.

We think the record does not sustain the defendants in their claim that the purpose of the decree of the Court of Common Pleas was to protect the plaintiff's tenants, who are not parties to this action. The fact that the odors rendered living in the plaintiff's dwelling-houses highly uncomfortable and disagreeable to his tenants, was of itself an injury to the plaintiff in his property rights, for which a court of equity

would grant him relief. Such an injury is clearly described by the language of the complaint. But the court, as a basis of its judgment, has found not only that the existence of these odors thus renders the plaintiff's property less valuable, but renders living in the dwelling-houses uncomfortable and disagreeable to the plaintiff himself, as well as to his tenants.

The defendants complain that the order of injunction is so indefinite and uncertain that they are at a loss to know whether they are forbidden from clearing their stables in the ordinary way, by throwing the manure from the barn upon their own premises and then removing it daily to some place at least ninety. feet distant from the plaintiff's premises. They urge that, if the order can be so construed, upon the facts found, it is an unlawful interference with the defendants' right to use their barn in the ordinary manner, and that such an order was not necessary for the protection of the plaintiff's rights. The defendants further claim that the trial court arbitrarily ordered the removal of the manure to the distance of ninety feet, without any evidence that a removal to that distance was necessary ; and that, upon the facts, it was unnecessary for the protection of the plaintiff that the manure should be removed daily from the premises.

The authorities are numerous that a barn or stable within the limits of a city and in proximity to residences is not necessarily a nuisance, since it may be so built and kept that those living near are not necessarily annoyed by odors proceeding from it ; but although the purpose for which it is used be a lawful one, and though it be built by one upon his own land, yet when it is so constructed or used that the smells or noises therefrom are so offensive and disagreeable as to render life uncomfortable to those dwelling in neighboring houses, it is a nuisance, and a court of equity, upon proper application, will restrain the owner or keeper of such stable from so using his property as to injure his neighbor. 2 Wood on Nuisances, § 594; *Aldrich* v. *Howard*, 8 R. I. 246; *Rounsaville* v. *Kohlheim*, 68 Ga. 668; *Whitney* v. *Bartholomew*, 21 Conn. 212; *Hurlbut* v. *McKone*, 55 id. 31; *Metropolitan Savings Bank* v. *Manion*, 87 Md. 68.

In the case at bar the plaintiff alleges that the defendants' barn was a nuisance, because of the noises from stamping horses, and because of the presence of offensive odors due to a failure to connect the barn with the sewer, and to the keeping of a pile of manure between the barn and Thompson street. The court having refused to find that the noise was the cause of serious discomfort to the plaintiff, and the defendants having since the action was commenced connected the barn with the sewer, the only remaining cause of complaint was the manner in which the defendants piled the manure upon the premises and suffered it to remain.

The injunction distinctly forbids the deposit of manure " upon said premises between said barn and Thompson street as heretofore," and we think it is not rendered void by reason of the other provisions of the order.

The defendants do not seem to complain of the distance to which by the order they are required to remove the manure (ninety feet from plaintiff's premises), but that the court has fixed that distance arbitrarily and without evidence having been offered. We are not informed by the record that the court fixed that distance without evidence. The record does not assume to state all the evidence presented at the trial. The distance does not appear to us as unreasonably great.

From the facts before us we cannot say that there was any unlawful or unnecessary interference with the defendants' rights in requiring them to remove the manure from the premises daily. How frequently it ought to be removed in order to protect the plaintiff in the reasonable enjoyment of his property, must depend upon circumstances which it was peculiarly the duty of the trial court to consider.

The order of injunction should be clear and intelligible and should impose no injury or inconvenience upon the defendants beyond what is necessary for the protection of the plaintiff's legal rights. *Baldwin* v. *Miles*, 58 Conn. 496 ; *Rogers Mfg. Co.* v. *Rogers*, 38 id. 121, 125.

There is some ambiguity in the language of a portion of the order. It is not entirely clear whether the defendants are permitted to throw the manure out of the barn upon their

premises, in clearing out the stables, provided it is removed daily to a distance of ninety feet from plaintiff's premises, or whether, without so throwing it out, it must be daily removed from the inside of the barn to such distant point.

Unless sufficiently serious annoyance will thereby necessarily be caused the plaintiff, the defendants ought not to be prevented from cleaning out their stables in the ordinary way, by throwing the manure upon their own premises to remain there temporarily and to be removed daily, as directed by the order of injunction. It may be that the court, by the language used, intended to permit the defendants to remove the manure in that way. But we cannot say, as a matter of law, that the circumstances were not such as to justify an order forbidding the throwing of the manure upon the premises outside of the barn, in the daily cleaning of the stables.

We think no sufficient reason has been shown for remanding the case to the Court of Common Pleas for a modification of its decree. It does not appear that the defendants have applied to the Court of Common Pleas for such a change in the language of the order as will relieve it from ambiguity. If it is important to the defendants to have that part of the order as to the construction of which they are in doubt made more certain and definite, or if from a different manner of using their barn, or for other reason, there ought to be a modification of the restraining order, they may apply to the Court of Common Pleas, which can make such change in its order as upon further hearing shall appear to be just. *Boardman* v. *Meriden Britannia Co.*, 36 Conn. 207.

There is no error upon either appeal.

In this opinion the other judges concurred.