RACHLIN and others, Respondents, v. DRATH and wife, Appellants.

*January 5—February 2, 1965.*

For the appellants there were briefs by *Orth, Riedl & Orth,* attorneys, and *Harold M. Frauendorfer* of counsel, all of Milwaukee, and oral argument by *Charles A. Riedl.*

For the respondents there was a brief by *Ermenc & Kamps* of Milwaukee, and oral argument by *John Q. Kamps.*

WILKIE, J. Three issues are presented on this appeal:

(1) Is the order of June 1, 1964, appealable?

(2) Does this appeal include a review of the judgment of March 11, 1963?

(3) Is the finding by the trial court in its June order (based on its decision of January 13, 1964) that the kennels are "still operated as a nuisance" against the great weight and clear preponderance of the evidence?

(1) *Is the order of June 1, 1964, appealable?* By its judgment of March 11, 1963, the trial court decreed that a private nuisance (by reason of noise) existed and ordered it to be abated. That judgment ordered the taking of testimony in six months to ascertain whether the nuisance had been abated. The June 1, 1964, order found that the nuisance had not been abated and ordered the sheriff to abate the nuisance by removing as may be necessary any and all dogs boarded at the kennels. The June order was appealable as being an order within the provisions of sec. 274.33 (2), Stats., which provides as follows:

"A final order affecting a substantial right made in special proceedings, without regard to whether the proceedings involve new or old rights, remedies or proceedings and whether or not the right to appeal is given by the statute which created the right, remedy or proceedings, or made upon a summary application in an action after judgment."

(2) *Does this appeal include a review of the judgment of March 11, 1963?* Appellants, on their appeal from the June 1, 1964, order, seek a review of the trial court's finding of the existence of a nuisance as entered in its judgment of March 11, 1963. There are three reasons for denying any such review.

First, the March 11th judgment was final. In granting the requested relief—*i.e.,* that the nuisance be abated—the

judgment fully determined the rights of the parties.[1] No unresolved questions remained in regard to whether or not there was a nuisance. Although the judgment required the taking of testimony six months later on the limited issue of whether or not the nuisance had been abated, this reservation in no way affected the finality of the judgment. Inasmuch as the judgment was entered March 11, 1963, and the notice of appeal was not served until July 13, 1964, the time for appeal of that judgment has clearly lapsed,[2] and appellants are not entitled to a review of the earlier judgment on their appeal from the June order.

Second, even assuming as appellants contend that the March 11th judgment was interlocutory, appeal must be taken from this judgment within the period specified by sec. 274.01, Stats.[3] and this was not done.

Third, contrary to appellants'· contention, respondents have not waived any objection to the jurisdiction of this court by participating in a review of the merits of the case.[4] Respondents have not joined in a review of the merits without objection. Not only did they move to dismiss the appeal,[5] but reasserted their grounds for dismissal in the

---

[1] Sec. 270.53 (1), Stats. "A judgment is the final determination of the rights of the parties in the action."

[2] Sec. 274.01 (1), Stats. "Except as otherwise provided the time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record is limited to 3 months from service of notice of entry of such judgment or order or, if no notice is served, to 6 months from date of entry. ..."

[3] *Kickapoo Development Corp. v. Kickapoo Orchard Co.* (1939), 231 Wis. 458, 285 N. W. 354; *Richter v. Standard Mfg. Co.* (1937), 224 Wis. 121, 271 N. W. 14, 271 N. W. 914

[4] Relying on *Estate of Burns* (1964), 23 Wis. (2d) 175, 127 N. W. (2d) 239; *Baumgarten v. Jones* (1963), 21 Wis. (2d) 467, 124 N. W. (2d) 609.

[5] Denied without prejudice September 22, 1964.

present appeal in addition to presenting arguments on the merits. The most respondents did without objection was to participate in the settling of the bill of exceptions, and this does not constitute a waiver of jurisdiction.[6]

For the reasons stated, our review on this appeal is confined to the June 1, 1964, order and we may not review the merits of the trial court's determination as embodied in the March 11, 1963, judgment that there was a nuisance.

(3) *Is the finding by the trial court in its June order (based on its decision of January 13, 1964) that the kennels are "still operated as a nuisance" against the great weight and clear preponderance of the evidence?* We have reviewed the record made at the hearing in September, 1963, on whether or not the nuisance was abated as of then and find that the trial court's finding that the kennels are "still operated as a nuisance" is not against the great weight and clear preponderance of the evidence. Although the defendants testified that "legally, morally and ethically we have done everything we can to control them [the dogs]" there was testimony that the excessive noise persisted. Several of the plaintiffs and another witness testified to hearing regular howling, barking, growling, and crying by the dogs during many days and almost daily from Memorial Day to Labor Day. There was testimony that this noise was nerve-wracking, embarrassing, limited entertainment, and that the same disturbed the plaintiffs in their sleep and caused them "actual, material, physical discomfort." [7] Although there were witnesses who testified that the noises from the kennels had not annoyed them, their testimony does not constitute the great weight or clear preponderance of the evidence.

*By the Court.*—Order affirmed.

---

[6] *Kitchenmaster v. Mutual Automobile Ins. Co.* (1946), 248 Wis. 335, 21 N. W. (2d) 727.

[7] *Schneider v. Fromm Laboratories, Inc.* (1952), 262 Wis. 21, 26, 53 N. W. (2d) 737.