NANCY ROMANIELLO *v.* DYNA DISTRIBUTORS, INC.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued February 8—decided March 8, 1967

*Walter R. Griffin,* for the appellant (plaintiff).

*Kevin T. Gormley,* with whom, on the brief, were *Martin E. Gormley* and *Gerald P. Dwyer,* for the appellee (defendant).

ALCORN, J. In this action the plaintiff sought to recover for damage, consisting mainly of plaster and mortar cracks, claimed to have been caused to her house and its appurtenances by the defendant's blasting operations. On conflicting evidence, and after inspecting the premises, the court rendered

judgment for the defendant. In this appeal from the judgment the plaintiff claims that the court "failed to give the proper weight to the testimony" of her witnesses.

We do not retry the facts or pass upon the credibility of the witnesses. *Triano* v. *Brodowy,* 151 Conn. 445, 446, 199 A.2d 164. The trial court determines the credibility of the witnesses. *Jarrett* v. *Jarrett,* 151 Conn. 180, 181, 195 A.2d 430. The plaintiff assigns no error in the trial court's conclusion that the defendant's witnesses were more credible and trustworthy than her own.

The plaintiff seeks no correction of the subordinate facts found by the court. Consequently they cannot be changed. *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692, 88 A.2d 379. Instead, she would have us add to the finding the fact that her husband and two other witnesses observed no cracks until after the blasting. A fact cannot be added to a finding merely because it is not contradicted. *Shakro* v. *Haddad,* 149 Conn. 160, 162, 177 A.2d 221. Moreover, the court has found the uncontested fact that the plaintiff's husband had repaired various cracks in the house a year or two before the blasting.

The court's observation of the premises is evidence supplementing that offered through witnesses in the case. *Houston* v. *Highway Commissioner,* 152 Conn. 557, 558, 210 A.2d 176. From the conflicting testimony and its own observations the court has found subordinate facts which fully support its conclusions, the basic one being that the plaintiff failed to prove that the blasting caused the claimed damage.

There is no error.

In this opinion the other judges concurred.