WILLIAM HERBERT ET AL. *v.* FREDERICK SMYTH ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued February 9—decided May 10, 1967

*Walter M. Pickett, Jr.,* for the appellants (defendants).

*Randolph C. Smith, Jr.,* for the appellees (plaintiffs).

COTTER, J.   This is an appeal by the defendants, who own and operate a commercial dog kennel on residential premises in the town of Washington, from a judgment of the Superior Court enjoining them from operating the kennel, awarding the neighboring plaintiffs damages, and granting a mandatory injunction ordering that certain kennel facilities which were constructed in 1962 be removed. The action was instituted by Hobart and Doris Slinn, owners of a residence on property adjoining that of the defendants, and by William and Helen Herbert,

who at the time owned a home directly across the street from the defendants' premises. When the Herberts sold their home, in April, 1965, their claims for injunctive relief were withdrawn, but they remain parties to this appeal on the issue of damages.

The property in question, situated on the easterly side of Valley Road in Washington, was purchased by the defendants in 1949. The only buildings on the property at that time were a dog kennel, consisting of two sections, and a horse stable. The former owner removed one section of the kennel, and the defendants converted the remaining section into a residence, which they first occupied in 1951. No dogs were kept on the premises between 1949 and 1951, but when the defendants moved in, in 1951, they brought three or four dogs of their own with them. In 1955, the defendants constructed a new kennel on the premises, which they used for breeding their own dogs and occasionally for boarding a few dogs belonging to others. Thereafter, in 1962, the defendants constructed an addition to that kennel, obtained a commercial dog kennel license from the state, and began to use the property mainly for the boarding of dogs. The kennel, as expanded in 1962, includes outside dog runs, as well as a fenced-in area known as a paddock, and has been used by the defendants to accommodate as many as forty-six dogs at one time. The defendants have installed extensive kennel equipment and maintain an intercom system from their house to the kennel with which they attempt to quiet barking dogs.

The 1962 addition to the kennel, and the increased canine population which followed, resulted in persistent complaints from the named plaintiff, and eventually from the other plaintiffs as well. When

these complaints, which were made to the defendants and also to local and state officials, brought no remedial action, the plaintiffs instituted the present suit in two counts, the first claiming that the defendants' dog kennel is a common-law nuisance, and the second claiming that the kennel is a nuisance as an alleged violation of the zoning regulations. The plaintiffs sought injunctive relief, damages, and a mandatory injunction ordering the defendants to remove the 1962 addition to their kennel. The Superior Court found in favor of the plaintiffs on both counts and granted the entire relief requested, including damages of $1900 in favor of the Herberts and $1000 in favor of the Slinns.

## I

The defendants claim that the subordinate facts do not support the court's conclusion that the operation of a commercial dog kennel on the premises in question constitutes a common-law nuisance. Interference with the reasonable use and enjoyment of one's property caused by the howling and barking of dogs has been held to constitute a nuisance which may be enjoined by the courts at the request of neighboring residents who are seriously annoyed. *Krebs* v. *Hermann,* 90 Colo. 61, 68, 6 P.2d 907; *Rachlin* v. *Drath,* 26 Wis. 2d 321, 326, 132 N.W.2d 581; 4 Am. Jur. 2d, Animals, § 63; 66 C.J.S., Nuisances, § 32; notes, 11 A.L.R.3d 1399, 79 A.L.R. 1060, 1066, 1067; see *Woolf* v. *Chalker,* 31 Conn. 121, 129; *Scudder* v. *Greenwich,* 127 Conn. 71, 74, 14 A.2d 728. Connecticut has early held that disturbing noises made by animals on adjoining properties may be a nuisance affording grounds for relief by means of injunction. *Kaspar* v. *Dawson,* 71 Conn. 405, 410, 42 A. 78; *Bishop* v. *Banks,* 33 Conn. 118, 121. This

is in accord with the general rule that every property owner has a duty "to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor." *Krulikowski* v. *Polycast Corporation,* 153 Conn. 661, 669, 220 A.2d 444 (quoting from *Nailor* v. *C. W. Blakeslee & Son, Inc.,* 117 Conn. 241, 245, 167 A. 548). What kind of activities amount to a breach of this duty, and thereby fall into the classification of private common-law nuisance, depends on the particular facts and circumstances of the given case. *Heppenstall Co.* v. *Berkshire Chemical Co.,* 130 Conn. 485, 488, 35 A.2d 845. The issue must be decided on a case by case basis because the duty is framed in terms of reasonableness, which necessarily implies an element of subjective judgment drawn, in accordance with guiding principles of law, from a specific factual situation. See *Hoadley* v. *M. Seward & Son Co.,* 71 Conn. 640, 646, 42 A. 997. If the subordinate facts logically support a trial court's conclusion that a particular property use constitutes a common-law nuisance as to complaining plaintiffs, that conclusion must be sustained on appeal.

The court found the following facts, all relating to the use of the defendants' property after 1962. Barking and howling of dogs boarded by the defendants continued for extended periods of time and occurred at all hours of the day and night, including, on occasions, when the plaintiffs entered their own yards, when a car passed, or when an owner came onto the kennel premises. This noise could be heard in the plaintiffs' homes even when all the windows were closed. These homes are within 175 feet of the kennel, and, in addition, the fenced-in paddock, used for exercising the dogs, is within forty feet of the Slinns' home. The barking has

disturbed the plaintiffs' sleep and been detrimental to their health. This barking, as well as obnoxious odors which emanated from the defendants' property, interfered with the normal and reasonable uses of the properties of the plaintiffs. Since 1962, the defendants have accommodated a large number of dogs on their premises, totaling as many as forty-six at one time. The court, with the consent of the parties, inspected the premises involved; the viewing supplements the other evidence in the case. See *Romaniello* v. *Dyna Distributors, Inc.,* 154 Conn. 605, 606, 227 A.2d 430. From all the conflicting evidence, the court has found subordinate facts which support the conclusion that the defendants' operation of a commercial dog kennel constitutes a common-law nuisance as to the plaintiffs in this case.

## II

Since the court's conclusion with respect to the count claiming common-law nuisance is justified, it is unnecessary to pass on the defendants' argument that a commercial dog kennel is permitted by the zoning regulations and that the court erred in concluding that the defendants' use was in violation of those regulations. There can be no doubt that a use which does not violate zoning restrictions may nonetheless create a common-law nuisance. See *Nicholson* v. *Connecticut Half-Way House, Inc.,* 153 Conn. 507, 509, 218 A.2d 383. In a related argument, the defendants claim error in the court's overruling of their special defense of laches. The record indicates that this special defense was predicated on a contention that the plaintiffs, when they purchased their individual properties, which in each instance was prior to 1962, should have pursued whatever

action they may have had against the defendants or their predecessors at that time. This of course was not possible because the use of which the plaintiffs complain did not materialize until after the 1962 construction, when the defendants' premises were converted to a large-scale commercial dog kennel. When this latter use became apparent, the plaintiffs entered timely and persistent objections, which are inconsistent with a defense of laches. See *Sarner* v. *Fox Hill, Inc.,* 151 Conn. 437, 444, 199 A.2d 6; *Armstrong* v. *Leverone,* 105 Conn. 464, 475, 136 A. 71; see also *Brainard* v. *West Hartford,* 140 Conn. 631, 636, 103 A.2d 135.

## III

The court awarded damages of $1200 to the Herberts for the depreciation of the market value of their realty, and for discomfort and annoyance it awarded $350 to each of the Herberts and $500 to each of the Slinns.[1] The defendants claim that there was insufficient evidence to support these awards. The award to the Herberts for the depreciation of their property was based on the testimony of two expert witnesses, one of whom was called by the defendants, and those for discomfort and annoyance reasonably followed from the court's finding of facts relating to the harmful effect which the defendants' use had on the plaintiffs. The judgment in this respect was fully supported by the facts and was in all respects a proper exercise of the court's discretion. *Krulikowski* v. *Polycast Corporation,* 153 Conn. 661, 669, 220 A.2d 444.

[1] No damages for depreciation were granted to the Slinns because any devaluation of their property was presumably restored by virtue of the prohibitory injunction, whereas the Herberts sold their property while the defendants' use was extant.

## IV

The defendants' final claim is that the circumstances do not justify the granting of a mandatory injunction ordering the removal of the 1962 kennel addition. While the plaintiffs are entitled to damages and an order enjoining the conduct of a commercial dog kennel, irreparable injury requiring the removal of the kennel addition is not clearly enough disclosed to warrant the exercise of so drastic a power as a mandatory injunction. *Lyons* v. *Walsh,* 92 Conn. 18, 24, 101 A. 488. Refusal of equitable relief of this character does not work actual and serious hardship and injustice upon the plaintiffs, nor is such relief clearly called for. *Lyons* v. *Walsh,* supra. Moreover, it is questionable whether such drastic action can be ordered where a party having a substantial mortgage on the property, as does the Litchfield Savings Bank, has not been joined in the cause of action. It is a cardinal principle of equity that an injunction may not issue unless to prevent substantial and irreparable injury to the complainant. *Stapleton* v. *Lombardo,* 151 Conn. 414, 416, 198 A.2d 697; *Brainard* v. *West Hartford,* 140 Conn. 631, 634, 103 A.2d 135. If the injury is not substantial, equity will not interfere. *Wetstone* v. *Cantor,* 144 Conn. 77, 80, 127 A.2d 70; *Edward Balf Co.* v. *Hartford Electric Light Co.,* 106 Conn. 315, 327, 138 A. 122. Relief by way of mandatory injunction is an extraordinary remedy and should only be granted under compelling circumstances. *Morrison* v. *Work,* 266 U.S. 481, 490, 45 S. Ct. 149, 69 L. Ed. 394; *United States* v. *Caylor,* 159 F. Sup. 410, 413 (E.D. Tenn.); *Lyons* v. *Walsh,* supra; *Fleming* v. *Fossati,* 180 Ore. 489, 493, 177 P.2d 425; *King* v. *Elrod,* 196 Tenn. 378, 384, 268 S.W.2d 103; 28 Am.

Jur., Injunctions, § 21; 43 C.J.S., Injunctions, § 5. The only reasonable conclusion which can be drawn from the finding in the present case is that it was the use of the premises, with the attendant noise and odors, rather than the structure itself, which created the nuisance and caused the substantial injury to the plaintiffs.[2] Under the circumstances, the record does not support the granting of a mandatory injunction to remove the kennels and dog runs constructed in 1962, and there is error in that portion of the judgment. See *Bauby* v. *Krasow,* 107 Conn. 109, 116, 139 A. 508.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.

---

[2] Even if it is assumed that the structure violates the zoning regulations, private relief by way of mandatory injunction, requiring removal or demolition of the structure, must be based on a clear showing of special or irreparable injury. See *Greenwich Gas Co.* v. *Tuthill,* 113 Conn. 684, 695, 155 A. 850; 3 Yokley, Zoning Law and Practice (3d Ed.) §§ 22-5, 22-6.