AUGUST P. MAYKUT *v.* MARTIN PLASKO ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 6, 1975—decision released March 9, 1976

*Helen F. Krause,* for the appellant (plaintiff).

*Nancy O'Connell Dodge,* with whom, on the brief, was *Albert L. Coles,* for the appellees (defendants).

LONGO, J. The defendants, Martin and Mary Plasko, own a twenty-eight acre farm in Trumbull, a portion of which they used to raise corn. To reduce damage to their ripening corn caused by marauding birds, from time to time they used a mechanical noisemaking device known as a "corn cannon" which emitted a noise like a gunshot or explosion. They operated it from 7 a.m. to 8 p.m. and the device sounded at about five-minute intervals. The plaintiff lives in a residence located about 600 feet from the defendants' land, in one of the densely populated areas which border the farm on three sides. The plaintiff complained to the police about the noise of the corn cannon during

the summer of 1970; and when he was again disturbed by the cannon in 1971, the plaintiff obtained an ex parte temporary injunction against its continued use. In August of 1972, the plaintiff brought the present action in Circuit Court. After a full hearing, the court granted a permanent injunction against the use of the cannon, and awarded the plaintiff damages in the amount of $25. The court also held that since the use of the cannon constituted a common-law nuisance, it was not necessary to consider claims made by the defendants that a permit for its use had been issued which was valid under the General Statutes and the zoning regulations of the town of Trumbull.

From the judgment of the Circuit Court, the defendants appealed to the Appellate Division of the Court of Common Pleas. That appellate court found error in part. The court ordered that the case be remanded, with directions to dissolve the permanent injunction because the trial court had not applied the proper "weighing test" to determine whether there was an unreasonable use which could be enjoined as a nuisance and had not considered alternatives to an absolute injunction. From that judgment, upon certification granted, the plaintiff has appealed to this court. The plaintiff contends that the Appellate Division erred (1) in denying the plaintiff's motions to dismiss the defendants' appeal and to strike from the record the defendants' brief, and (2) in ruling that the permanent injunction be dissolved.

## I

We first consider the plaintiff's claim that the Court of Common Pleas Appellate Division erred in denying his motion to dismiss the defendants'

appeal and his motion to strike the defendants' brief from the record. The events relevant to this claim of error are as follows: On April 9, 1974, the defendants filed their assignment of errors, and the defendants' brief was due to be filed within two weeks of that date. Practice Book § 792 (repealed September 15, 1975; see § 572A).[1] The plaintiff on July 18, 1974, moved to dismiss the appeal, for, as of that date, the defendants' brief had not been filed and no extension of time in which to file had been granted. That motion was denied on September 23. In the interim, on July 22, the defendants filed their brief.

The plaintiff moved to strike the defendants' brief because it was not timely filed. A motion to strike is appropriately made to remove from the record any scurrilous matter which appears in a brief. *Ravitch* v. *Stollman Poultry Farms, Inc.*, 165 Conn. 135, 138 n.2, 328 A.2d 711; Maltbie, Conn. App. Proc. § 329. In view of the motion to dismiss, the motion to strike the defendants' brief from the record was not only inappropriate, but superfluous. Thus, the Appellate Division committed no error in denying the motion to strike. As to the motion to dismiss, the language of Practice Book § 696[2] is permissive rather than mandatory and allows the court to exercise its discretion in the dismissal of appeals for lack of diligent prosecution. *Loomis* v. *Zoning Commission*, 144 Conn. 743, 746, 133 A.2d 906. In view of the facts of this case, the

---

[1] The defendants' appeal was governed by certain of the rules for the Appellate Division of the Court of Common Pleas which are no longer in effect. For those rules, the date of repeal is noted parenthetically, as is any counterpart currently in effect, governing appeals to the Appellate Session.

[2] "[Practice Book] Sec. 696. LACK OF DILIGENCE IN PROSECUTING OR DEFENDING APPEAL If a party shall fail to prosecute an appeal

denial of the plaintiff's motion to dismiss was not unreasonable or unjust. This appeal was heard in the Appellate Division on December 3, 1974. The defendants' filing, although late, was sufficiently in advance of that date to cause no undue delay and to allow for preparation for the hearing by counsel and the court. We cannot conclude that the court abused its discretion in refusing to dismiss the appeal.

## II

The plaintiff claims that the Appellate Division erred in its ruling as to the permanent injunction. The appellate court concluded that the trial court (1) had not applied the proper test to determine whether the defendants' use of their land was unreasonable and (2) had not considered alternatives to full injunctive relief, such as the prohibition of only the unreasonable features of the defendants' activity.

The law imposes upon every property owner a duty "to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor." *Nailor* v. *C. W. Blakeslee & Sons, Inc.*, 117 Conn. 241, 245, 167 A. 548, cited in *Herbert* v. *Smyth*, 155 Conn. 78, 82, 230 A.2d 235. Determining reasonableness "is essentially a weighing process, involving a comparative evaluation of conflicting interests in various situations." Restatement, 4 Torts § 826, p. 242, cited in *O'Neill* v. *Carolina Freight Carriers Corporation*, 156 Conn. 613,

with proper diligence, this court may, on motion by any other party to the appeal or of its own motion, dismiss the appeal with costs. . . ." Practice Book § 794 (repealed September 15, 1975; see § 587) provided that "[t]he practice and procedure for appeals to the appellate division shall conform, as nearly as may be, to the rules of practice governing appeals to the supreme court . . . 696, Lack of Diligence in Prosecuting or Defending Appeal."

617, 618, 244 A.2d 372, and *Nair* v. *Thaw,* 156 Conn. 445, 452, 242 A.2d 757. The appellate court found no indication that this weighing test had been applied, and therefore dissolved the permanent injunction. We have examined the record in this case and we find that the trial judge did apply the test set out above. Although a memorandum of decision cannot take the place of a finding, it may be consulted "to ascertain the ground on which the court acted." *Ruggles* v. *Town Plan & Zoning Commission,* 154 Conn. 711, 712, 226 A.2d 108. In its memorandum of decision, the trial court made explicit reference to the weighing test in the following manner: "Determining unreasonableness is essentially a weighing process, involving a comparative evaluation of conflicting interests." The facts outlined in that memorandum of decision and set out in the finding include a consideration not only of the interest of the plaintiff, but of the defendants also. The trial court did apply the proper test.

The appellate court was of the opinion that the trial court ought to have considered alternatives to full injunction, to minimize the objectionable features of the defendants' activities while permitting them to continue their operation. The "doctrine of comparative evaluation" will be applied to determine whether an injunction should issue: "[T]he court, in a proper case, may consider and balance the injury complained of with that which will result from interference by injunction." *Sisters of St. Joseph Corporation* v. *Atlas Sand, G. & S. Co.,* 120 Conn. 168, 175, 180 A. 303. Once the doctrine is applied, the final decision as to the scope and quantum of injunctive relief rests in the discretion of the trial court. *O'Neill* v. *Carolina Freight Carriers Corporation,* supra, 618; *Nixon* v. *Gniaz-*

*dowski,* 145 Conn. 46, 52, 138 A.2d 796. The contents of the finding of the trial court lead us to conclude that the trial court did apply the doctrine of comparative evaluation, and that the application of that doctrine did not indicate any abuse of discretion by the trial court in granting a full, permanent injunction. See *Sisters of St. Joseph Corporation* v. *Atlas Sand, G. & S. Co.,* supra, 177. We conclude that the Appellate Division erred in holding that the permanent injunction had to be dissolved because the trial court had not applied a weighing test or considered alternatives to a full injunction.

The trial and the appellate courts agreed that, if the existence of an enjoinable nuisance was properly found by the trial court, it was not necessary to consider the validity of General Statutes § 26-47a[3] and a provision and amendment of the zoning regulations[4] of the town of Trumbull, both of which

---

[3] "[General Statutes] Sec. 26-47a. USE OF NOISE-MAKING DEVICES TO REPEL MARAUDING BIRDS AND WILDLIFE. Any provision of any general statute or municipal ordinance, which ordinance is adopted after June 21, 1967, to the contrary notwithstanding, any owner of land used for agricultural purposes may apply to the commissioner of environmental protection for a permit to use noise-making devices, of types approved by said commissioner, to scare or repel marauding birds or other wildlife to prevent the damage and destruction of crops and other property during such hours and such seasons of the year as are determined necessary by said commissioner, provided no permit shall be issued by said commissioner for the use of·any such device except in respect to any one parcel of land of the applicant not less than five acres in area or for use within five hundred feet of any place of human habitation, except the dwelling of the applicant for such permit, unless written consent of all occupants, eighteen years of age or over, of places of human habitation within said five hundred feet is presented to said commissioner. No such device shall be used by any person before obtaining such permit. Said commissioner shall promulgate regulations concerning the type and use of such devices to insure public safety."

[4] At the time this action was brought in the trial court, the ordinance and the validity of an amendment thereto were the subject of an appeal pending in the Court of Common Pleas.

the defendants cite as the source of authorization for the use of the corn cannon. We agree with the trial and appellate courts, for "[a]ccording to the weight of authority . . . while what is authorized by law cannot be a public nuisance, it may nevertheless be a private nuisance, and the legislative authorization does not affect any claim of a private citizen for damages . . . or for an injunction." 58 Am. Jur. 2d, Nuisances, § 230. This court follows that rule and has upheld the issuance of injunctions against the conduct on one's own property of an otherwise lawful activity. *O'Neill* v. *Carolina Freight Carriers Corporation,* 156 Conn. 613, 617, 244 A.2d 372; *Nair* v. *Thaw,* 156 Conn. 445, 451–52, 242 A.2d 757. That a municipality by its zoning regulations condones certain uses is no defense to an unreasonable use constituting a nuisance. *Herbert* v. *Smyth,* 155 Conn. 78, 83, 230 A.2d 235. The use of the corn cannon was a private nuisance, for it affected a few persons in relation to a right they enjoyed by virtue of their interest in land. 58 Am. Jur. 2d, Nuisances, § 9; Prosser, Torts (3d Ed.) § 90. Because the fact that an act may otherwise be lawful does not prevent it from being a private nuisance, it is not necessary to consider the legislative and municipal provisions upon which the defendants seek to rely.

The trial court's conclusion that an enjoinable nuisance existed was arrived at according to law. As to the judgment of the Appellate Division, there is error, the judgment is set aside and the case is remanded to the Appellate Division with direction to affirm the judgment of the Circuit Court.

In this opinion the other judges concurred.