[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGEMENT #143
The plaintiffs, Donald and Joan Rywolt, owners of residential property located in the Town of Southport, bring this action for damages and injunctive relief for a nuisance allegedly created by the defendants, and for the defendants' alleged interference with the plaintiffs' use and enjoyment of their property. Named as defendants are Fetzer Tire Corporation, Peter and Myra Fetzer, and John and Beverly Mackno. The plaintiffs' property, which is in a residential zone, abuts the property leased by Fetzer Tire, which is located in an industrial zone. Fetzer Tire is in the business of repairing automobiles and installing and fixing tires. It is alleged that Fetzer Tire is owned and operated by the Fetzers, and that Fetzer Tire leases the property upon which it conducts it business from the Fetzers. It is also alleged that Fetzer Tire previously leased the property from the Macknos, and that the Macknos transferred the property to the Fetzers in 1993.
In the first count of their amended complaint, the plaintiffs assert a nuisance cause of action against the defendants, based on allegations that the Fetzers' automotive repair business creates an unreasonable amount of noise which interferes with the plaintiffs' enjoyment and use of their property. In the second count, the CT Page 86 plaintiffs assert a trespass claim based on allegations that the defendants deposited fill material near the plaintiffs' property line which caused flooding on the plaintiffs' property.
The Fetzers and Fetzer Tire filed a motion for summary judgment (#143), along with a supporting memorandum of law, affidavits, portions of deposition testimony, and other documentary evidence. The plaintiffs filed a memorandum in opposition, along with affidavits, portions of deposition testimony, and other documentary evidence.
Practice Book § 384 provides that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105
(1994). The burden is on the movant to show that there is no genuine issue of material fact. Id. A material fact is one that will make a difference in the outcome of a case. Yanow v. TealIndustries, Inc., 178 Conn. 262, 269-69 (1979). In ruling on a motion for summary judgment, the court must view the facts presented in the light most favorable to the non-moving party.Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 105.
The moving defendants' first argue that the Fetzers, individually and as the owners and lessors of the property leased by Fetzer Tire, lack sufficient control over the property, and therefore, cannot be liable for the alleged nuisance.
In Connecticut, "[l]iability for damage caused by [a nuisance] turns upon whether the defendant was in control [of the property], either through ownership or otherwise." State v.Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 185 (1987). "[W]hen circumstances show that a defendant exercises de facto control over nuisance-causing property, the fact that title or possession of the property has been transferred to others does not absolve the defendant of liability for the nuisance." Id., 184. "Like the other elements of the tort of nuisance, the question of whether a defendant maintains control over property sufficient to subject him to nuisance liability normally is a jury question." Id., 185.
In the present case, none of the evidence submitted by the moving defendants demonstrates that the Fetzers, as owners of Fetzer Tire and as lessors of the alleged nuisance-causing property, do not exercise de facto control over said property. CT Page 87 Peter Fetzer's assertion in his affidavit that he was not in control of the property constitutes a summary conclusion of law, and as such, cannot support a motion for summary judgment. SeeScinto v. Stamm, 224 Conn. 524, 533, (1993). Thus, a genuine issue of material fact exists with respect to the issues of whether the Fetzers are in control of the alleged nuisance-causing property, and whether such control is sufficient to hold them liable for the alleged nuisance.
The moving defendants further argue that a nuisance does not exist on their property because their use of the property is neither unreasonable nor unlawful. The moving defendants also argue that a nuisance cannot exist because their use of the property is permitted by the local zoning regulations.
The moving defendants' argument that a nuisance cannot exist because their use of the property is a permitted use must fail because "[a] use which does not violate zoning restrictions may nonetheless create a common-law nuisance." Herbert v. Smyth,155 Conn. 78, 83 (1967). With respect to the issue of whether the defendants' use of their property is unreasonable, "the issue of reasonableness is a question of fact to be determined on a case by case basis, considering all the relevant circumstances, including such factors as the amount of harm caused, its foreseeability . . . and . . . whether the utility of the use of the land outweighed the gravity of the harm resulting." Peterson v. Oxford, 189 Conn. 740,745 (1983).
In the present case, the issues of reasonableness, foreseeability of harm, and the utility of the use of the land in question cannot be determined based on the affidavits and documents presently before the court. Accordingly, a genuine issue of material fact exists with respect to the reasonableness of the defendants' use of their land.
The moving defendants also argue that the plaintiffs' second count, in which the plaintiffs assert a trespass claim, is time-barred by the applicable statute of limitations. The plaintiffs' trespass claim is based on allegations that the defendants deposited fill material near the plaintiffs' property, and that this resulted in "recurrent" flooding upon the plaintiffs' property. The moving defendants argue that because they deposited the fill material near the plaintiffs' property in October 1988, and because the present action was commenced on April 6, 1993, the plaintiffs' trespass claim is time-barred by the three year statute CT Page 88 of limitations contained in General Statutes § 52-577. In response, the plaintiffs argue that their trespass claim is timely because the flooding which resulted from the defendants' actions occurred on their property as late as June 1990.
Section 52-577 provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "The date of the act or omission complained of is the date when the negligent conduct of the defendant occurs and is not the date when the plaintiff first sustains damage." Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170,173 (1956). In the present case, it is not disputed that the fill was deposited on the defendants' property in October 1988. Thus, the "act or omission complained of" occurred in October 1988, and this fact is not affected by Donald Rywolt's testimony that flooding occurred on his property as a result of the fill as late as June 1990. Since the plaintiffs' trespass claim was brought in April 1993, it is time-barred by § 52-577, as it was brought more than three years after the occurrence of the defendants' act.
In conclusion, the court denies the moving defendants' motion for summary judgment with respect to the plaintiffs' first count, as there are genuine issues of material fact with respect to the nuisance issue. The court grants the moving defendants' motion for summary judgment with respect to the second count, as the plaintiffs' trespass claim is time-barred by the applicable statute of limitations.
SAMUEL S. FREEDMAN, JUDGE