[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
 Facts
The plaintiff, Michael Medeiros, filed a two count complaint on September 4, 2001. In count one of the complaint the plaintiff alleges the following fads. On August 28, 1999, the plaintiff was an invitee of his friend, Keith Ringuette, who resided at 118-A North Shore Road in Voluntown. The defendant, Doreen Sauve, "owned, controlled, possessed, managed, maintained, and/or was the trustee for the real property" on which Ringuette resided. The plaintiff was injured when he slipped and fell on the stairs adjacent to the Ringuette residence, which were slanted and covered with slippery moss. The defendant knew or should have known of the dangerous, unsafe and defective condition of the stairs and was negligent in failing to take steps to make the premises safe.
In count two of the complaint, the plaintiff repeats the allegations of the first count and further alleges that the condition of the stairs created a danger of injury to persons or property, that the stairs remained in an unsafe condition for an unreasonable period of time and that the condition of the stairs was the proximate cause of the plaintiff's injuries and constituted a nuisance.
On November 16, 2001, the defendants[1] filed a motion to strike the second count of the complaint on the ground that the plaintiff has not set forth sufficient facts to support a claim of private nuisance. The motion is accompanied by a memorandum of law. The plaintiff filed a memorandum of law in opposition to the motion to strike of November 30, 2001.
 Discussion
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39(a). "A CT Page 4715 motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
The defendants argue that the second count of the complaint is legally insufficient to state a claim of private nuisance because the plaintiff has failed to plead any facts showing that he was injured in relation to a right he enjoys as an owner of land. The plaintiff argues that the facts alleged are sufficient to establish a claim of private nuisance.
Our Supreme Court recently reexamined the law of private nuisance and concluded "that in order to recover damages in a common-law private nuisance cause of action, a plaintiff must show that the defendant's conduct was the proximate cause of an unreasonable interference with the plaintiff's use and enjoyment of his or her property." Pestey v. Cushman,259 Conn. 345, 361, 788 A.2d 496 (2002). "`A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land.' 4 Restatement (Second), Torts § 821D (1979); see also Herbert v. Smyth, 155 Conn. 78, 81, 230 A.2d 235 (1967). The law of private nuisance springs from the general principle that `[i]t is the duty of every person to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor.' Nailor v.C. W. Blakeslee Sons, Inc., 117 Conn. 241, 245, 167 A. 548 (1933). `The essence of a private nuisance is an interference with the use and enjoyment of land.' W. Prosser W. Keeton, Torts (5th Ed. 1984) § 87, p. 619." Pestey v. Cushman, supra, 259 Conn. 352.
In the present case, the plaintiff has not alleged that the defendant's conduct caused an unreasonable interference with the plaintiff's use and enjoyment of his own land. The second count of the plaintiff's complaint is therefore legally insufficient to state a cause of action for private nuisance.
 Conclusion
The plaintiff has not alleged any interference with his use and enjoyment of his own land. Consequently, the motion to strike the second count is hereby granted.
Martin, J. CT Page 4716